**In re Joseph A. FARNIK, Debtor.**

**Bankruptcy No. 81 B 2284.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

Feb. 26, 1982.

Vincent J. Pascucci, Chicago, Ill., for debtor.

Craig Phelps, the Chapter 13 standing trustee submitted a brief in support of his motion.

MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause comes to be heard on the objection of the Chapter 13 Standing Trustee to the homestead exemption claimed by the debtor. The exemption is sought to be applied against the value of his right of redemption in property currently held in land trust. The facts are not in dispute and are set forth below. The issues presented to this court are whether a mortgagor's

right of redemption in mortgaged property is an interest in real property to which the Illinois Homestead Exemption will attach; and in that event, whether the interest remains in the mortgagor after he transfers title of the property into a land trust.

## I

## FACTS

Joseph Farnik (debtor) and Nancy Farnik, his wife, held title as joint tenants to property known as 238 Cascade, Indianhead Park, Illinois. This property was acquired by the Farniks by warranty deed on May 31, 1977. In connection with their acquisition of the real estate the Farniks executed a trust deed on that day to Chicago Title and Trust Co. Both the warranty and trust deeds were subsequently recorded.

On February 7, 1978 land trust No. 2292 was created by the River Forest State Bank and Trust Co. into which the property described above was transferred. The Farniks held 100% of the beneficial interest therein, which they assigned simultaneously to the Maywood Proviso State Bank. The assignment of interest was security for a loan of $63,412.00. The assignment was in addition to a security interest held by the Proviso State Bank in all of the machinery and equipment of Horizon Plastics, Inc., a corporation wholly owned by the debtor at that time. The debtor's amended Chapter 13 schedule reflects that the indebtedness secured by the assignment of the beneficial interest in land trust No. 2292 was fully satisfied by foreclosure on the additional security in equipment on July 1, 1980.

## II

## DISCUSSION

■ The Illinois courts have held that a right of redemption is an interest in realty. *In re Estate of Scheribel*, 340 Ill.App. 238, 91 N.E.2d 443 (1950). The Illinois courts have further held that:

A land trust may not be used as a device to circumvent the right of redemption where the transaction of creation of the land trust and borrowing of funds with the simultaneous pledging and assignment of the beneficial interest are one transaction.

*Quinn v. Pulman Trust & Savings Bank*, 98 Ill.App.2d 402, 240 N.E.2d 791 (1968). See also *De Voigne v. The Chicago Title and Trust Company*, 304 Ill. 177, 136 N.E. 498 (1922). The land trust at issue was created to secure the debt to the Maywood Proviso Bank and thereby facilitate execution by the creditor on that debt. The courts of Illinois will not conscience this circumvention of the debtors' right of redemption, and this court is aware of no compelling federal interest which warrants disregard of that policy.

■ The homestead exemption under which the debtor claims provides:

Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,000, in the ... lot of land and buildings thereon ... occupied by him or her as a residence; ...

Ill.Rev.Stats. Ch. 52 § 1 (1979). It is further conditioned upon the debtor holding some title to the property. *First Nat. Bank & Trust Co. of Rockford v. Sandifer*, 121 Ill.App.2d 479, 258 N.E.2d 35 (1970). The title requirement is satisfied subsequent to a mortgage, even after default thereon, since title passes to the mortgagee only after a foreclosure sale. The position of the trustee is that the debtor herein has transferred all title in the property to the land trust. As noted above, a court of equity in Illinois will not permit that defense where a transfer simultaneous with assignment would dispossess the debtor of his equity of redemption in the defaulted mortgage.

The situation which compelled the debtor to create the land trust was tantamount to the giving of a second mortgage on the debtors' property. This is precisely the situation described in *Quinn, supra*. A court of equity is not bound to celebrate form over substance where it would defeat a debtor's equity of redemption.

The Illinois legislature has recently amended its Homestead Exemptions to in-

clude a debtor's personal property owned and occupied by him or her as a residence. Pub.Act No. 82–685 (Eff. Jan. 1, 1982). This is further evidence that the former statute, under which the debtor now claims, should be broadly construed to the benefit of Illinois residents. The spirit of the homestead exemption should not be frustrated by pusillanimous technicality.

For the reasons stated above this court overrules the trustee's objection and allows the debtor to apply the Illinois Homestead Exemption to the value of his equity of redemption in the mortgaged real estate now held by the River Forest State Bank and Trust Co. as trustee under land trust No. 2292.

Counsel for debtor will prepare an order within five days consistent with this Opinion.