In re Roger E. OWEN and Bettey J. Owen, Debtors.

James R. GEEKIE, Trustee, Plaintiff,

v.

Bettey J. OWEN, Roger E. Owen; and Hardware State Bank, Lovington, Illinois, Defendants.

Bankruptcy No. 285–00130.
Adv. No. 86–9127.

United States Bankruptcy Court,
C.D. Illinois.

June 18, 1987.

E. Dean Andrews, Paris, Ill., for trustee.

Dan L. Flannell, Sullivan, Ill., for Hardware State Bank.

Kenneth L. Bast, Mattoon, Ill., for debtors.

## OPINION

LARRY LESSEN, Chief Judge.

This matter is before the Court on the Trustee's objection to the homestead exemption claimed by the Debtor, Roger Owen. The parties have submitted briefs to the Court and have stipulated as to the facts. The issue is whether the Debtor, Roger Owen, is entitled to claim a homestead exemption in a home he jointly occupied with his wife, Bettey Owen. The property is owned solely by Bettey Owen, and the Trustee does not object to her claimed homestead exemption.

As a threshold matter the Court must determine whether the Trustee's objection was timely filed. The Debtors originally filed a Chapter 11 petition on February 26, 1985, with the first meeting of creditors held April 23, 1985. On May 5, 1986, an Order was entered converting the case to a Chapter 7. The Debtors filed an Amended Schedule B–4 on May 21, 1986, claiming a homestead exemption for both Bettey and Roger Owen. The Order of conversion did not indicate a time within which any objections to claimed exemptions must be filed. There was never another first meeting of creditors held after the case was converted to Chapter 7.

Bankruptcy Rule 4003(b) provides:

(b) The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.

The Trustee has never filed a formal objection to the claimed homestead exemption. Still, the Court believes the Trustee has complied with the basic purpose of the thirty day requirement of Rule 4003(b), which is to ensure timely notice to debtors that the trustee objects to their claimed exemptions. See, *Matter of Young*, 806 F.2d 1303, 1305 (5th Cir.1987).

In *In re Starns*, 52 B.R. 405 (D.C.Tex. 1985), the court held that a creditor's failure to file objections to exemptions within thirty days after the first meeting of creditors did not constitute a waiver of its right to object, where the debtor received actual notice from the creditor early in the proceeding that the scheduled exemptions were disputed. In *Starns*, the creditor had filed a motion for relief from the automatic stay, in which it disputed the debtor's claimed exemptions. The Court found that the motion operated as a formal objection to the exemptions, stating:

Certainly the steps taken by Freedman were sufficient to bring the issue before the court in a timely manner with sufficient notice to interested parties. And certainly these steps satisfied the intent of Rule 4003 that exemption questions be resolved early in bankruptcy proceedings.

The proper procedure, of course, is to file an objection to the claim of exemptions within the time limit established in Rule 4003(b) to ensure that it is properly docketed by the clerk of court and brought on for hearing before the bankruptcy court. Nevertheless, although Freedman did not comply with the letter of this procedure, this court is satisfied that its filing did meet the concerns underlying the rule. *See In re Grosslight*, 757 F.2d 773, 777 (6th Cir.1985) (treating adversary proceeding in which creditor sought relief from automatic stay to proceed with case in state court as an objection the debtor's claim of exemptions).

*Id.* at 411. Here too, early in the Chapter 7 proceeding, on June 27, 1986, the Trustee filed a Complaint to sell real estate, seeking the Court's permission to sell the homestead property free and clear of all liens and claims, with liens and claims to attach to the sale proceeds "in the order of their priority, which this Court shall determine as required after sale." In this Complaint the Trustee stated in paragraph 6: "ROGER E. OWEN may have rights in the property by virtue of his status as spouse of BETTEY J. OWEN." From this point on in the proceedings, the Debtors were aware the Trustee objected to Roger Owen's

claimed homestead exemption. In the Court's Order To Sell Real Estate Free and Clear of Liens and Claims entered on July 11, 1986, the Court stated: "Any liens and claims shall attach to the proceeds of the sale in the respective order of their priority, which priority, including questions of homestead, this Court shall determine as required after the sale date." The parties agreed it was in the best interest of all to go ahead and sell the property, with determinations as to homestead exemptions to be determined at a later date. The Trustee's Report of Sale filed August 15, 1986, states in paragraph 5:

ROGER E. OWEN has claimed a homestead interest in the property but the Trustee questions whether ROGER E. OWEN is entitled to that exemption since the title to the real estate was not owned by ROGER E. OWEN or possessed by lease or otherwise within the meaning of Section 12–901 of Chapter 110, Illinois Revised Statutes.

In the Report of Sale the Trustee asked the Court to set a hearing and determine whether Roger Owen is entitled to a homestead interest in the proceeds of the sale. The Trustee's Complaint to sell real estate free and clear of liens clearly put the Debtors on notice early in the proceedings that the Trustee objected to Roger Owen's claimed homestead exemption.

■ The Debtors have not been prejudiced in any way by the Trustee's failure to file a formal objection within the time limits of Rule 4003(b). As stated by the court in *In re Rollins*, 63 B.R. 780 (Bankr.E.D. Tenn.1986):

[T]he trustee's failure to object within the time allowed by Rule 4003(b) does not mean the debtor is entitled to the exemption. There was no need for the trustee to dispute the claim of exemption until he recovered the $3,000. Furthermore, the debtor cannot make property exempt simply by claiming it as exempt when there is no apparent legal basis for the exemption. In that situation, the trustee's failure to object to the claim of exemption within the time limit of Rule 4003(b) does not create an exemption. *In*

*re Dembs*, 757 F.2d 777, 13 Bankr.Ct. Dec. 592, 12 Coll.Bankr.Cas.2d 591 (6th Cir.1985); *In re Grosslight*, 757 F.2d 773, 12 Coll.Bankr.Cas.2d 525 (6th Cir.1985); *In re Bennett*, 36 B.R. 893 (Bankr.W.D. Ky.1984).

*Id.* at 783–84. Here too, the trustee's failure to file a formal objection within the time limits of Rule 4003(b) will not create a homestead exemption for a debtor not otherwise entitled to one under the exemption statutes. The Illinois exemption statute provides:

Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, ... owned or rightly possessed by lease or otherwise and occupied by him or her as a residence....

Ill.Rev.Stat. Ch. 110, para. 12–901. The statute clearly establishes that homestead is an estate, and that the individual entitled to the estate must either own the property to which the estate attaches, or rightly possess the property by lease or otherwise. Either ownership or possession through a lease gives an individual an estate in the property. Here, Roger Owen has no ownership interest or leasehold interest in the property to which the estate may attach. His sole claim to entitlement of a $7,500 homestead exemption is that he lived in the home with his wife, who was the sole titleholder.

In *Jones v. Kilfether*, 12 Ill.App.2d 390, 139 N.E.2d 801 (1956), a husband who lived with his wife claimed a homestead right in premises owned by his wife and her brother as tenants in common, based upon his mere occupancy of the premises. The court held:

[S]ince, under the rule heretofore enunciated, the right of homestead can have no separate existence independently of the title which constitutes one of its essential elements and from which it is inseparable, he has no right of homestead....

*Id.* at 396, 397, 139 N.E.2d 801. Similarly, in *Sterling Savings & Loan Association v. Schultz*, 71 Ill.App.2d 94, 218 N.E.2d 53 (1966) the court stated:

The right of homestead being by our present statute enlarged into an estate, it follows that like all other estates, it can have no separate existence apart from the title on which it depends. We have held that the estate of homestead created by the statute is based upon the title of the householder, and can have no separate existence independently of the title, which constitutes one of its essential elements, and from which it is inseparable. *Id.* at 112, 218 N.E.2d 53, citing *DeMartini v. DeMartini*, 385 Ill. 128, 52 N.E.2d 138 (1944). Since Roger Owen had no title, he has no homestead under the Illinois exemption statute.

The Debtors cite *Willard v. Northwest National Bank of Chicago*, 137 Ill.App.3d 255, 92 Ill.Dec. 92, 484 N.E.2d 823 (1985) for the proposition that an untitled spouse does have a homestead interest. In *Willard,* the husband, sole titleholder of the residence where he and his wife lived, conveyed his residence into a land trust and assigned his beneficial interest as security for a loan. His wife signed none of the documents involved. He defaulted on the loan and the property was sold. The court found that the wife did have a homestead "right", stating:

> While it is probably true that William is the "householder" to whom the estate runs (citations omitted) it does not follow that Pauline had no right. The Homestead Exemption benefits not just the householder, but the family, and affords the householder's spouse a veto-like power where alienation or encumbrance of the homestead are concerned.

*Id.* 71 Ill.App.2d at 97, 218 N.E.2d 53. However, while the wife in *Willard* had a right to be protected where the husband conveyed his homestead without her consent, nothing in the case indicates she was entitled to receive a separate homestead exemption. Rather, the court states, "it appears that the conveyance into trust was ineffective to transfer the Willards' homestead interest...." The language is singular, indicating only one homestead interest existed, based upon the husband's title. The wife merely has a right to keep the husband from conveying away both his property and his homestead interest without her consent. She has a right to the benefit of the exemption owned by the husband for the family's protection. The court found that the husband and wife might be entitled to a setoff for the amount of the exemption, or possibly a declaration that the sale was void. But, there is no indication there would be two separate $7,500 exemptions. Rather, the court's language leads to the conclusion there is only one interest, for the benefit of the family, that the titled spouse cannot convey without the other spouse's consent.

 For the foregoing reasons, the Court concludes that the number of exemptions available is to be determined by the number of individuals in title who qualify for the homestead estate. Therefore, the Trustee's objection to the homestead exemption claimed by Roger Owen is allowed, and Roger Owen is entitled to no homestead exemption from the proceeds of the sale of the real estate.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.