**In re Thomas P. EHR, Debtor.**

**Bankruptcy No. 87–02974.**

United States Bankruptcy Court,
E.D. Wisconsin.

July 27, 1988.

Daryl L. Diesing, Milwaukee, Wis., for debtor.

Jack U. Shlimovitz, Milwaukee, Wis., trustee.

Herbert L. Usow, Milwaukee, Wis., for Foster Pontiac, Inc.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

■ The question for resolution is: Where the proceeds of a contemplated sale by the chapter 7 trustee of property (in this case, common stock in Foster Pontiac, Inc.[1]) will exceed the maximum exemption claimed by the debtor, and where the trustee did not file a timely objection to that exemption, did he waive his right to sell the stock and to retain the excess proceeds for the bankruptcy estate?

The salient facts, in chronological sequence, are as follows:

*June 29, 1987*—involuntary petition for relief under chapter 7 is filed against the debtor.

*August 5, 1987*—order for relief is entered against the debtor, and Jack U. Shlimovitz is appointed chapter 7 trustee.

*December 29, 1987*—trustee files application for authority to sell to Foster Pontiac, Inc. all of his interest in the common stock in Foster Pontiac, Inc. which the debtor owned in exchange for $1,000, upon notice to creditors.

*January 11, 1988*—debtor files amended Schedule B–4 (property claimed as exempt) which reads, in part, as follows:

---

1. Foster Pontiac, Inc. is an established automobile dealership located in Milwaukee, Wisconsin. Whenever the common stock is referred to in this decision, it is identified as "Foster stock." Because no stock certificate was produced, it is unclear whether the total shares owned by the debtor at the time of the filing of the involuntary petition was 250, as asserted by the trustee, or 125, as asserted by the debtor.

| TYPE OF PROPERTY | LOCATION, DESCRIPTION AND SO FAR AS RELEVANT TO THE CLAIM OF EXEMPTION, PRESENT USE OF PROPERTY | SPECIFY STATUTE CREATING EXEMPTION | VALUE CLAIMED EXEMPT |
|---|---|---|---|
| Real Estate Holding and Stock | 20% Partnership interest in 10 Langdon, 11270 W. Park Place, Milwaukee, WI 53224 -and- |  | $3,150.00 |
|  | 125 shares of common stock in Foster Pontiac, Inc., a Wisconsin close corporation | 522(d)(5) | $1,000.00 |

*January 13, 1988*—trustee informs Daryl L. Diesing, attorney for debtor, that he is withdrawing his December 29, 1987 application to sell the Foster stock to Foster Pontiac, Inc.

*February 1, 1988*—trustee, upon obtaining an increased offer, files second application for authority to sell Foster stock to Foster Pontiac, Inc. for $9,000, upon notice to creditors. As part of the application, trustee proposes to pay $1,000 of the sale proceeds to the debtor, for his claimed exemption, with the remaining $8,000 to be retained for the bankruptcy estate.

*February 25, 1988*—debtor objects to trustee's second application for the sale of Foster stock, contending the stock revested in the debtor and is no longer property of the estate, due to the trustee's failure to file a timely objection to the claim of exemption, citing Bankruptcy Rule 4003(b).[2]

The trustee asserts that he was not required to file any objection to the exemption because he recognized the exemption as claimed under § 522(d)(5). The debtor urges the court to adopt a strict construction of Bankruptcy Rule 4003(b) and declare that whatever interest the trustee may have at one time had in the Foster stock was forfeited upon the expiration of the 30–day deadline prescribed under the rule.

There was no reason for the trustee to file any objection under Bankruptcy Rule 4003(b). § 522(d)(5), frequently referred to as the "wildcard" exemption, permits a debtor to claim a maximum of $4,150 in any property. That was done in this case, and the trustee fully honored the debtor's right to do so. The debtor allocated $3,150 of this exemption to his 20% partnership interest in 10 Langdon, 11270 West Park Place, Milwaukee, Wisconsin. That left a balance of $1,000 still available for the debtor to claim as exempt in any property, and he applied it to his interest in the Foster stock. § 522(d)(5) was, therefore, fully exhausted.

The debtor contends that he in good faith valued the Foster stock at $1,000 for exemption purposes because of a "value established by the trustee." This argument is specious. The trustee never purported to establish any value for the Foster stock. He merely provided notices of two different offers which he received from Foster Pontiac, Inc. to purchase the stock—first, for $1,000 and thereafter increased to $9,000. The debtor knew that his interest in the Foster stock substantially exceeded $1,000 and that he could not exempt his entire interest in that stock. Although stock in a closely-held corporation is diffi-

---

**2.** *Bankruptcy Rule 4003. Exemptions.*

(b) Objections to Claim of Exemptions. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.

cult to evaluate, on at least three separate occasions (net worth statements dated April 1, 1983, December 31, 1983 and December 31, 1984 [3]), the debtor valued his interest in the Foster stock at $95,000. The debtor's action in listing the Foster stock in his Schedule B–2 at $10,000 is a further indication that he knew the stock was worth more than $1,000. The debtor is an attorney who had represented Foster Pontiac, Inc. for many years. He was far more familiar with the value of the stock than was the trustee.

A debtor cannot make property exempt simply by claiming it as exempt where there is no apparent legal basis for the exemption. *In re Owen*, 74 B.R. 697 (Bankr.C.D.Ill.1987). *See also, Matter of Dembs*, 757 F.2d 777 (6th Cir.1985); *In re Rollins*, 63 B.R. 780 (Bankr.E.D.Tenn. 1986); and *Bass v. Hall*, 79 B.R. 653 (Bankr.W.D.Va.1987).

If the applicable exemption statute did not contain any monetary limitation, a different result would occur. That happened in *Payne v. Wood*, 775 F.2d 202 (7th Cir. 1985), where the debtors claimed "necessary wearing apparel" as exempt under the Illinois exemption law. The Illinois statute contains no pecuniary cap for "necessary wearing apparel." The Seventh Circuit stated that, under those circumstances, the debtors could claim all of their clothing as exempt regardless of value. The instant case is dissimilar because § 522(d)(5) of the Bankruptcy Code fixes a maximum exemption of $4,150 in any property. The trustee, by his actions, did not forfeit his right to the interest of the debtor in the Foster stock exceeding $1,000.

The debtor's objection to the proposed sale by the trustee in the Foster stock is dismissed.[4]

---

**3.** These net worth statements are part of an adversary proceeding pending before this court. *See, F & M Bank v. Ehr,* Adversary No. 88–0008.

**4.** The court is making no determination at this time as to the reasonableness of the trustee's proposed sale of the Foster stock. That decision awaits further court proceedings.