**In re Larry SILVERMAN and Linda A. Silverman, Debtors.**

**Bankruptcy No. 88–90088.**

United States Bankruptcy Court,
C.D. Illinois,
Danville Division.

Nov. 30, 1988.

John P. Wolgamot, Danville, Ill., for debtors.

Jean Nickless Ochs, Paris, Ill., for trustee.

## OPINION

GERALD D. FINES, Bankruptcy Judge.

The matters before this Court are Debtors' Claims of Homestead Exemption and Trustee's Report of Exempt Property. Hearing was held on November 15, 1988. The facts adduced at trial are as follows:

Larry Silverman and Linda A. Silverman filed a joint voluntary petition in accordance with Chapter 7 of the Bankruptcy Code on February 3, 1988. On February 29, 1988, Larry and Linda Silverman filed their Claim for Property Exemption and, pursuant to Chapter 52, Illinois Revised Statutes, listed their homestead in the amount of $7,500. At the time the bankruptcy petition was filed, title to the homestead was in the name of Tessie and Linda Silverman as joint tenants with right of survivorship. Larry Silverman died on October 7, 1988. On October 11, 1988, Linda Silverman filed an Amended Claim for Property Exemption, in which she claims a homestead exemption in the amount of $15,000, pursuant to Chapter 110, Paragraph 12–902 of the Illinois Revised Statutes. On October 13, 1988, the Trustee filed a Report of Exempt Property, in which he objects to Linda Silverman's claim to the entire homestead exemption of $15,-000 and asks that the exemption be denied. Both the Trustee and the Debtor, Linda A. Silverman, filed memoranda in support of their claims.

The issue for the Court to decide is whether Linda Silverman can claim the homestead exemption for Larry Silverman such that she can claim a total homestead exemption of $15,000. The Trustee argues that because Larry Silverman wasn't a title holder at the time the bankruptcy petition was filed, Linda Silverman cannot claim his exemption. The Trustee further argues that even if Larry Silverman could claim a homestead exemption, he did not do so in a timely manner.

Linda Silverman argues that, at the time of the filing of the petition, both she and Larry Silverman claimed a $7,500 homestead exemption and that, after Larry Silverman's death, Linda Silverman claimed

both homestead exemptions pursuant to Section 12–902 of the Illinois Homestead Act (Ill.Rev.Stat., Chap. 110, Sec. 12–902). Linda Silverman argues that Larry Silverman had an interest in property sufficient to sustain his homestead exemption under Chapter 110, Sec. 12–901, of the Illinois Revised Statutes, and that she survives to claim his exemption under Chapter 110, Sec. 12–902.

Section 12–901 of Chapter 110 states in pertinent part:

> "[e]very individual is entitled to an estate of homestead to the extent in value of $7,500 ... owned or rightly possessed by lease or otherwise and occupied by him or her as a residence."

Section 12–902 states in pertinent part: "[s]uch exemption shall continue after the death of such individual, for the benefit of the spouse surviving, so long as he or she continues to occupy such homestead ..."

Larry Silverman originally owned the property in question and, in 1982, conveyed it to Linda Silverman and Tessie Silverman, as joint tenants. At all times up to his death, Larry Silverman was the mortgagor and made the mortgage payments. Linda and Larry Silverman remained living in the residence until the death of Larry Silverman on October 7, 1988.

In *In re Farnik*, 17 B.R. 856 (N.D.Ill. 1982), the Court held that a mortgagor, who transferred his title to the property into a land trust, retained his right of redemption and, therefore, he retained an interest in real property to which the Illinois homestead exemption attached. After reviewing the evidence and the authorities cited by the parties, this Court is convinced that Larry Silverman, as mortgagor, retained his right of redemption, and, therefore, had an interest in the property sufficient to claim a homestead exemption. *See:*

Chap. 110, Ill.Rev.Stat., paras. 15–1212, 15–1603; *In re Farnik*, 17 B.R. 856 (N.D.Ill. 1982).

The Trustee relies on *In re Owen*, 74 B.R. 697 (Bankr.C.D.Ill.1987), in support of his argument that a spouse must have legal title to the property in order to claim a homestead exemption. *In re Owen* is distinguishable from the facts in this case because in *Owen* the debtor, who was seeking the homestead exemption was not the mortgagor, as in *Farnik*.

The Trustee also argues that Larry Silverman specifically waived his homestead exemptions in the warranty deed. The warranty deed does contain form language waiving all rights under the Homestead Exemption Laws of Illinois. However, the deed also contains typed language stating that the conveyed property is "subject to a mortgage from Larry Silverman to Edgar County Building & Loan Assn. of Paris, Edgar County, Illinois...." Because the conveyance was subject to the mortgage and Larry Silverman continued to make the mortgage payments, he retained his right of redemption and, consequently, his homestead exemption. *See:* Chap. 110, Ill.Rev. Stat., paras. 15–1212, 15–1603; *In re Farnik*, 17 B.R. 856 (N.D.Ill.1982).

Because Larry Silverman had the right to claim a homestead exemption, such exemption continues after his death for the benefit of Linda Silverman. *See:* *In re Farnik*, 17 B.R. 856 (N.D.Ill.1982); Chap. 110, Ill.Rev.Stat., para. 12–902. Therefore, Debtor's Amended Claim for Property Exemption in the amount of $15,000 is ALLOWED.