**In re Timi OKOINYAN, Debtor.**

**Bankruptcy No. 91–13227–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Nov. 8, 1991.

Edward J. Waldron, Coral Gables, Fla., for debtor.

Gui L.P. Govaert, Miami, Fla., trustee.

## ORDER DENYING TRUSTEE'S MOTION FOR ORDER DIRECTING TURNOVER OF ASSETS OF ESTATE

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on to be heard upon the Motion filed by the Trustee, Gui L.P. Govaert, for Order Directing Turnover Of Assets Of Estate and a hearing was held before this Court on November 5, 1991 at 10:00 A.M. and the Court having heard argument of the trustee, the attorney for the debtor, and reviewed the Memorandum Of Law In Opposition To Motion For Order Directing Turnover Of Assets Of The Estate filed by the attorney for the debtor, finds that Bankruptcy Rule 4003(b) requires that objections to exemptions must be filed within 30 days after the conclusion of the Meeting of Creditors held pursuant to Rule 2003(a). In this case the 341 Meeting of Creditors was held and concluded on August 21, 1991, therefore any objections to the debtor's claim of exemptions had to be filed within 30 days of said date. No objections to the debtor's claim to exemptions were filed within said period. On September 26, 1991 the trustee, Gui L.P. Govaert, filed a Motion For Order Directing Turnover Of Assets Of Estate and the Court finds that this Motion was not timely filed.

According to 8 Collier On Bankruptcy paragraph, 4003.04[2] pg. 4003–11 (15 ed. 1990), once the deadline for objections to exemptions has passed, no objections may be filed unless the claim of exemption is later amended. Under code Section 522($l$), if no party of interest has objected to the exemptions claimed, the property claimed as exempt on the debtor's list is exempt. Collier goes on to state that this finalization of exemptions effectively accepts the debtor's valuation of his or her interest in

**692**

the property claimed as exempt within the scope and dollar value of this applicable exemption statute. Collier's conclusion in this matter has been followed in the case of *Doyle v. Grossman (In re Grossman)*, 17 C.B.C.2d 1396, 80 B.R. 311 (B.Ct., E.D.Pa. 1987). For these reasons the Court finds that the trustee's Motion must be denied.

IT IS THEREFORE ORDERED that the trustee's Motion For Order Directing Turnover Of Assets Of Estate be and the same as hereby denied.

DONE AND ORDERED.