**In re Thomas A. ZUPANSIC and Laura R. Zupansic, Debtors.**

**Thomas A. Zupansic and Laura R. Zupansic, Appellants,**

**v.**

**Larry S. Hyman, Chapter 11 Trustee, Appellee.**

**No.  8:00–CV–2551–T–27EAJ.**

United States District Court, M.D. Florida, Tampa Division.

March 5, 2001.

## ORDER

WHITTEMORE, District Judge.

Appellants ("Debtors") appeal an Order of the Bankruptcy Court compelling them to relinquish a 1993 Mercury Villager to the Chapter 11 Trustee as property of the bankruptcy estate. Appellee counters that the Order was an appropriate exercise of the Bankruptcy Court's discretion.

### A. *Factual and Procedural Background*

On December 29, 1999, Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. In their filing, Debtors listed a 1993 Mercury Villager (the "vehicle") with a market value of $2,525.00 as personal property with an exempt value of $2,000.00. A meeting of creditors held pursuant to 11 U.S.C. § 341(a) was concluded on January 28, 2000. Subsequent to this meeting, the Trustee had the vehicle appraised and determined that the vehicle had a market value of $5,500.00.

On March 1, 2000, the Trustee filed an objection to the Debtors' exemption as applied to the vehicle. The Bankruptcy Court overruled the Trustee's objection as untimely. *See* FED.R.BANKR.P. 4003. The Trustee's subsequent motion to compel the Debtors to turn over the vehicle to the Trustee for liquidation as property of the estate was granted by the Bankruptcy Court. The Court directed the Debtors to relinquish the vehicle to the Trustee for it to be sold. The Trustee was to remit the exempt portion ($2,000.00) to the Debtors.[1] This appeal followed.

### B. *Standard of Review*

■■■ Upon review of bankruptcy proceedings, the Court will not set aside findings of fact unless such findings are clearly erroneous. *See* FED.R.BANKR.P. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647, 651 (11th Cir.1986). While conclusions of law are reviewed de novo, *In re Owen*, 86 B.R. 691, 693 (M.D.Fla.1988), *rev'd on other grounds*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion. *See In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984).

### C. *Discussion*

The underlying issue in this case is whether the Trustee is time barred from challenging the Debtors' stated value of the vehicle to which a $2,000 statutory exemption applies.[2] The Trustee does not challenge application of the statutory exemption, only the stated value.

---

1. In the alternative, the Bankruptcy Court provided that the parties could mutually agree to the disposition of the vehicle or the Debtors' could obtain the vehicle by way of credit bid.

2. Conflict exists among various Bankruptcy Courts concerning whether a trustee's failure to timely object precludes recovery of the value of an asset in excess of a stated exemption. *Compare In re Okoinyan*, 135 B.R. 691 (Bankr.S.D.Fla.1991) (trustee barred) *and In re Grossman*, 80 B.R. 311 (Bankr.E.D.Pa. 1987) *with In re Bronner*, 135 B.R. 645 (9th Cir. BAP 1992) (trustee not barred); *In re Shelby*, 232 B.R. 746 (Bankr.W.D.Mo.1999) (trustee not barred); *In re DeSoto*, 181 B.R. 704 (Bankr.D.Conn.1995) (trustee not barred); *Addison v. Reavis*, 158 B.R. 53 (E.D.Va.1993) (trustee not barred) *and In re Ehr*, 116 B.R. 665 (Bankr.E.D.Wis.1988) (trustee not barred).

Rule 4003, Federal Rules of Bankruptcy Procedure, provides, in pertinent part:

(a) Claim of exemptions

A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007....

(b) Objections to claim of exemptions

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ...

(c) Burden of proof

In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed....

It is undisputed that the Trustee did not object to the Debtors' "list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors...." Appellant urges that the Trustee is accordingly barred from contesting both the claimed exemption and the stated value of the vehicle, relying on *In re Green*, 31 F.3d 1098 (11th Cir.1994), and *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The facts in *Green* and *Taylor* are distinguishable, however. In *Green*, the Court applied the Supreme Court's reasoning in *Taylor* in rejecting as untimely a trustee's attempt to challenge a claimed exemption of the full value of a contingent personal injury claim, where the trustee had not objected to the claimed exemption within the 30 days provided for by Rule 4003. *Id.* at 1101; *see Taylor*, 503 U.S. at 644, 112 S.Ct. 1644. In contrast to the debtors in *Green* and *Taylor*, the Debtors in this case did not attempt to exempt the entire value of the vehicle. In fact, the tendered to the

Trustee the difference between the statutory exemption and the stated value of the vehicle.

■ The Court agrees with Appellants that, consistent with the holdings in *Green* and *Taylor*, a Trustee can be time barred from contesting the value of property listed as exempt pursuant to Rule 4003. However, after a careful reading of *Green* and *Taylor*, the Court concludes that a Trustee is barred from challenging the value of property claimed exempt *only* when the listed exemption equals the stated value of property, which would effectively render the entire asset exempt.[3] *See In re Shelby*, 232 B.R. 746 (Bankr. W.D.Mo.1999); *In re Ehr*, 116 B.R. 665 (Bankr.E.D.Wis.1988). That is, a trustee's failure to object to the value of a stated exemption does not waive the estate's right to recover sums in excess of the claimed exemption. *See In re Bronner*, 135 B.R. 645, 646 (9th Cir. BAP 1992).

■ By agreeing (or not objecting) to a valid claim of exemption, an estate is not forced to abandon a valuable asset. *In re Bronner*, 135 B.R. at 647 (citing *In re Hyman*, 123 B.R. 342 (9th Cir. BAP 1991)). Where surplus value might exist in property for which a debtor claims an exemption, a trustee has a duty to attempt to collect and reduce the property to cash for the benefit of creditors, consistent with the trustee's duties pursuant to 11 U.S.C. § 704(1). The holdings in *Green* and *Taylor* do not restrict this duty of a trustee to recover the full non-contingent value of an estate asset, subject to any claimed exemption, or, as in this instance, any surplus value of an estate asset where a trustee challenges the debtor's stated value of the asset. "Thus, the excess value above encumbrances and the exemption amount is available to creditors." *In re Bronner*, 135 B.R. at 648.

**3.** This interpretation is supported by the language of Rule 4003(c) which provides that during a hearing on an objection to a claim of exemption "the objecting party has the burden of proving that the *exemptions are not properly claimed.*" (Emphasis added) Rule 4003 does not reference the value of assets or the procedure for objecting thereto.

Accordingly, the Bankruptcy Court did not abuse its discretion in ordering the Debtors to turn over the vehicle to the Trustee for sale, subject to the Debtors' statutory exemption.

The order of the Bankruptcy Court is **AFFIRMED.** The Clerk is directed to close this case.