**In re Michael BARKSDALE, Debtor.**

**No. 02–51128(RTL).**

United States Bankruptcy Court,
D. New Jersey.

July 23, 2002.

---

7. John M. Doyle was Lids' Chief Financial    Officer at the time the petition was filed.

Jeffrey D. Cooper, Esq., Cherry Hill, NJ, for the Debtor.

Michael S. Rothmel, Esq., MS Rothmel, LLC, Mount Holly, NJ, for Lisa Bridgers.

Robert M. Wood, Esq., Manasquan, NJ, By Erik D. Collazo, Esq., Standing Chapter 13 Trustee.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

Lisa Bridgers filed a motion to vacate the automatic stay to permit her to pursue a cause of action in the Family Part of the Superior Court of New Jersey regarding a residence which she shared with the debtor. Apparently, Ms. Bridgers and the debtor are in the process of separating. In Count II of Ms. Bridgers' Family Part Complaint she seeks partition of a residence that she shared with the debtor, which is titled in his name alone. The grounds for relief from the automatic stay alleged in Ms. Bridgers' motion are that the property is exempt and not property of the estate. Because the court finds that the residential real estate is property of the estate, even though the debtor has claimed an exemption for part of the value thereof, Ms. Bridgers' motion for relief from the automatic stay must be denied.

The court has jurisdiction over this motion under 28 U.S.C. § 1334(a), (b), and (e), as well as 28 U.S.C. § 157(a) and (b)(1). This is a core proceeding involving a motion to terminate, annul or modify the automatic stay under 28 U.S.C. § 157(b)(2)(G).

### Facts

Lisa Bridgers and Michael Barksdale have lived together for twelve years. In September of 2000 Mr. Barksdale acquired a residence. Ms. Bridgers claims that she contributed to the down-payment for the home, but that title was placed in Mr. Barksdale's name alone because she had a poor credit history. Mr. Barksdale disputes this and claims that he purchased the property without any assistance from Ms. Bridgers. To the extent that she con-

tributed any money to the purchase of their home, the debtor claims that she has been repaid.

Mr. Barksdale filed a voluntary petition under chapter 13 of the Bankruptcy Code. He listed the residence on Schedule A at a current market value of $80,000.00, subject to a first mortgage lien of approximately $76,000.00. On Schedule C, the debtor claimed an exemption on the real property under Section 522(d)(1) of the Bankruptcy Code for approximately $4,000.00. Ms. Bridgers was listed on Schedule F as a creditor holding an unsecured claim. The debtor described the claim as "civil action—lis pendens filed—to be avoided. Subject to set-off." The debtor also showed Ms. Bridgers' claim as being contingent, unliquidated and disputed. His chapter 13 plan proposes to pay $205.00 per month for sixty months. The plan payments are to be used to cure the arrears on a mortgage loan on a different piece of real estate, to satisfy a car loan and a furniture loan, as well as pay administration expenses. Unsecured creditors are offered nothing under the plan.

Ms. Bridgers filed a proof of claim as a secured creditor claiming an "equitable interest in real property" worth "1/2 value of residence...." Attached to the proof of claim was a copy of the complaint Ms. Bridgers had filed in the Superior Court of New Jersey, Chancery Division, Family Part. In the second count of the complaint, Ms. Bridgers demanded "judgment designating Defendant's title as a constructive trust for both parties, partitioning the property, selling it and dividing the proceeds...."

### Discussion

The motion filed by Lisa Bridgers stated the relief sought and the grounds therefore as follows: "vacating the automatic stay with regard to *Bridgers v. Barksdale*, FM–03–1080–01–Y because the dispute is over the Creditor's interest in this property; the Debtor listed this property as exempt in his petition in his bankruptcy." Ms. Bridgers' attorney filed an affidavit in which he explained that the state court litigation was stayed as a result of Mr. Barksdale's filing bankruptcy; nevertheless, the parties appeared in state court represented by their matrimonial counsel and agreed to a settlement which was memorialized in an order of the state court providing that the property would be appraised and the "Defendant (Barksdale) shall pay Plaintiff (Bridgers) 25% of the equity in the residence after the (appraisal) is done." The state court judge had suggested filing a motion in the bankruptcy court after she was apprised of Mr. Barksdale's bankruptcy. Further, in his affidavit counsel presents argument for relief from the automatic stay that:

the proceeds of settlement would not come out of Mr. Barksdale's general assets, but would come out of the value of the house, which is an exempt asset. Both parties consented to this arrangement. For this reason, Ms. Bridgers would respectfully request that this Court vacate the automatic stay with regard to the *Bridgers v. Barksdale* matter, and allow it to proceed in the Chancery Division—Family Part, consistent with Judge Lihotz' Order.

The debtor objected to the motion for relief from the automatic stay. Besides disputing the fact of any contribution to the purchase price, the debtor responded:

the claims asserted by Movant are properly before this court. The asset in question is property of the estate. The Movant has filed a proof of claim with the Clerk of this court. The Movant has not asserted cause, including the lack of adequate protection. The Movant has failed to assert that the Debtor has no equity in the property or that said prop-

erty is not necessary to a successful reorganization.

Ms. Bridgers' attorney filed a reply brief. In the first point of the brief, counsel reiterated the argument that the residential real estate was claimed as exempt and was therefore not protected by the automatic stay. He raised additional arguments about the waiver of the benefits of the automatic stay and judicial estoppel which will not be considered by the court because, (a) they were not raised in the original moving papers; and (b) they are patently meritless.

11 U.S.C. § 362(a) provides that the filing of a petition under the Bankruptcy Code operates as a stay of . . .

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding *against the debtor* that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . .

(3) any act to obtain possession of *property of the estate* or property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against *property of the estate;*

(5) any act to create, perfect, or enforce against *property of the debtor* any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (emphasis added)

(6) any act to collect, assess or recover a claim *against the debtor* that arose before the commencement of the case under this title . . . . (emphasis added)

■ The automatic stay protects not only property of the estate, but also the debtor and property of the debtor. Property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C § 541(a)(1). Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law. See *United States v. Whiting Pools Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). At the commencement of the case, the property of the estate includes property which the debtor may claim as exempt. See *First of America Bank v. Gaylor (In re Gaylor)*, 123 B.R. 236, 238 (Bankr.E.D.Mich.1991).

Mr. Barksdale claimed an exemption under 11 U.S.C. § 522(d)(1) for the equity in his residence. Section 522(d)(1) provides for an exemption of "the debtor's aggregate interest, not to exceed $17,425.00 in value, in real property or personal property that the debtor or a dependant of the debtor uses as a residence. . . ." Thus, the debtor's interest in his residence became property of the estate under Section 541(a)(1) of the Bankruptcy Code upon the filing of the petition. The debtor has claimed an exemption in that residence valued at approximately $4,000.00. If no objection to the claimed exemption is made, the property claimed as exempt is exempt. See 11 U.S.C. § 522(*l*).

■ The exemption in a debtor's residence is limited to a dollar amount. Thus the debtor's residence, to the extent that it exceeds the amount of the exemption claimed, remains property of the estate. See, e.g., *In re Gaylor*, 123 B.R. at 239. The deadline for filing an objection to exemptions is thirty days after the conclusion of the meeting of creditors. See FED. R. BANKR.P. 4003(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In this case, the

meeting of creditors under Section 341(a) of the Bankruptcy Code was scheduled for March 1, 2002. Assuming that the meeting was concluded on that date, the last date to object to the exemption claimed by the debtor was March 31, 2002. A review of the clerk's docket in this case reveals that no such objection was filed. Thus, the approximate $4,000.00 in value of the debtor's residence, which he claimed as exempt, is exempt under Section 522(*l*); however, the balance of the debtor's interest in the residence remains property of the estate.

■ There are a number of reported opinions which state that, where a debtor claims an exemption in an amount greater than or equal to the value of the exempt asset, and no party has timely objected to the exemption, the asset, as a whole, is not property of the estate. Ms. Bridgers relies upon one of those cases: *In re Printup*, 264 B.R. 169 (Bankr.E.D.Tenn.2001). However, where, as here, the debtor claims an exemption in an amount less than the value of the exempt asset, the balance of the debtor's interest in the exempt asset over the exemption amount remains property of the estate. See, e.g., *In re Soost*, 262 B.R. 68, 72 (8th Cir.BAP 2001); *Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 871 (4th Cir.1991); *In re Hyman*, 967 F.2d 1316 (9th Cir.1992); *In re Shelby*, 232 B.R. 746, 761 (Bankr. W.D.Mo.1999); *In re Gaylor*, 123 B.R. at 239; *In re Ehr*, 116 B.R. 665, 668 (Bankr. E.D.Wis.1988). This is true even if no party has filed an objection to the exemption. See *In re Soost*, 262 B.R. at 72. Ms. Bridgers' reliance on *In re Printup* and other similar decisions is misplaced because such cases are factually distinguishable.

*Conclusion*

Ms. Bridgers' sole grounds for relief from the automatic stay was the assertion that the residential real property is exempt, and not property of the estate. Since the court finds that legally incorrect, the motion must be denied. That, however, is not the end of the story. Ms. Bridgers has filed an objection to confirmation which must be resolved. In addition, she has filed a proof of claim as a secured creditor. The true nature of her rights, if any, needs to be determined. For example, among her claims for relief asserted in the state court is the imposition of a constructive trust. When the issues regarding Ms. Bridgers' claim or interest in the property have been joined, this court will decide whether to resolve them here in the bankruptcy court or to abstain to permit the state court to determine the state property rights issues. Compare, *In re Hursa*, 87 B.R. 313 (Bankr.D.N.J.1988) with *In re Becker*, 136 B.R. 113 (Bankr. D.N.J.1992).