**In re Ralph OGDEN and Martha Anne Wilcox, a.k.a. M. Anne Wilcox, a.k.a. Anne Wilcox, Individually and d.b.a. Wilcox & Ogden, and f.d.b.a. Eldridge, Lindstrom, Wilcox & Ogden, Debtors.**

**Bankruptcy No. 88 B 15166 C.**

United States Bankruptcy Court, D. Colorado.

March 31, 1989.

Wade H. Eldridge, Denver, Colo., for creditors.

Tom H. Connolly, Glenwood Springs, Colo., for debtors.

## ORDER ON OBJECTION TO EXEMPTIONS

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the objection of Eldridge, Lindstrom & Hollo (creditors) to the exemptions claimed on the debtors' B-4 Schedule and debtors' response thereto. A hearing on this matter was held on March 21, 1989.

The creditors claim that debtors failed to meet their Bankruptcy Rule 1007(b)(1) obligation to describe the property which debtors seek to exempt. The creditors assert that the debtors failed to comply with the letter or spirit of the rule as they did not describe the claimed exemptions specifically. Instead, debtors included a list of all exemptions that might be exempted under federal or state statute irrespective of whether the debtor had an interest in such property. Creditors further assert that an undue burden is placed upon the creditors and the trustee to ascertain which claimed exemptions are relevant to this case. Creditors request that all exemptions be denied based upon debtors' failure to list only those exemptions relevant to this case.

The debtors contend that it is clear from their schedules what property is claimed as exempt and the legal basis for the exemption claim. Therefore they assert that creditors' objection should be denied.

The debtors' schedule of property claimed as exempt is three pages long. There are 42 general property descriptions listed along with the statutory cite pertain-

---

**5.** Mr. Ruwart testified as an adverse witness    during the creditors' presentation of their case.

ing to each exemption. Of the 42 items, only nine have specified values claimed as exempt, the rest list the word "unknown." At the end of the schedule it is stated that "All exemptions are claimed to the maximum fair market value of the property the maximum allowable exemption amount, whichever is greater."

In determining the effect of the non-specific claims of exemption, the Court is guided by the holding in *In re Andermahr*, 30 B.R. 532 (9th Cir. B.A.P.1983). There the Bankruptcy Appellate Panel held that "the non-specific claim of exemption gives the debtor no rights, legally or practically." *Id.* at 533. The Panel continued noting that

> the practicalities of bankruptcy administration require that the trustee be advised of the precise items of property in the estate, ..., that the debtor elects to withdraw from the estate. The trustee needs this information in order to judge the validity of the exemption claim and to know what property remains in the estate for purposes of liquidation. *Id.*

This Court would add that creditors also need to know if the specific property is exempted so that they may determine if it is appropriate to file an objection to the exemption. Thus, this Court concludes that non-specific claims of exemptions have no legal effect, moreover, they impede the ability of the trustee and the creditors to ascertain the validity of the exemptions claimed.

The Court finds that the exemptions claimed by the debtors which contained a value claimed as "unknown" are non-specific claims of exemptions. Those claims of exemption have no legal effect and impede the ability of the trustee and the creditors to ascertain the validity of the exemptions. The exemption schedule should be amended to reflect relevant exemptions in property which the debtors have an interest.[1]

ORDERED that creditors' objection to deny debtors' claimed exemptions is sus-

tained to the extent of the non-specific exemptions.

FURTHER ORDERED that the debtors are to file an amended schedule of claimed exemptions by April 14, 1989, containing only those exemptions relevant to property in which the debtors have an interest.

---

1. The Court notes that pre-discharge amendments of lists of exemptions are liberally allowed. *E.g., Payne v. Wood,* 775 F.2d 202 (7th Cir.1985).