In re Lois Imogene GREEN, a/k/a Imogene Mason Green, Debtor.

Robert ALLEN, Plaintiff–Appellant,

v.

Lois Imogene GREEN, a/k/a Imogene Mason Green, Defendant–Appellee.

No. 93–6844.

United States Court of Appeals, Eleventh Circuit.

Sept. 13, 1994.

Robert H. Allen, Mobile, AL, for appellant.

C. Gary Hicks, Mobile, AL, for appellee.

Before EDMONDSON and CARNES, Circuit Judges, and HENDERSON, Senior Circuit Judge.

CARNES, Circuit Judge:

Bankruptcy trustee Robert Allen ("the Trustee") appeals from the district court's ruling that debtor Lois Imogene Green exempted the full value of a personal injury lawsuit from her bankruptcy estate. We affirm.

## I. BACKGROUND

Green filed a petition for Chapter 7 bankruptcy protection in February 1991. As part of her petition, Green submitted both a schedule of personal property and a schedule of property claimed as exempt. On her personal property schedule, under a heading for "[c]ontingent and unliquidated claims of every nature," Green reported a "lawsuit from auto accident" with a value of one dollar. On her exempt property schedule, Green reported the lawsuit, listing the "[v]alue claimed exempt" as one dollar, also. The Trustee concedes that he understood that this one dollar listing represented a contingent value; he specifically denies having been misled into believing that the lawsuit had an actual pres-

ent value of one dollar. The Trustee did not object to either Green's reported valuation of the lawsuit or her exemption of that reported value. In July 1991, the Bankruptcy Court discharged Green.

Approximately one year later, the Trustee arranged a $15,000 settlement of Green's personal injury action. Green consented to this settlement, which the Bankruptcy Court approved. Green then filed a motion to have the entire settlement disbursed to her. After a hearing, the Bankruptcy Court summarily denied Green's motion, which that court construed as a "motion to disburse to [Green] settlement funds in excess of the amount claimed as exempt." On appeal, the district court reversed, concluding that Green had exempted the entire lawsuit, not just one dollar of its value. Citing *Taylor v. Freeland & Kronz*, — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the district court held that the Trustee's failure to object promptly to Green's exemption of the entire lawsuit precluded him from challenging her claim to the settlement funds. The Trustee now appeals, claiming that because Green only exempted one dollar of the personal injury lawsuit, all but one dollar of the settlement belongs to the bankruptcy estate.

## II. STANDARD OF REVIEW

"As the second court of review of a bankruptcy court's judgment, this court examines independently the bankruptcy court's factual and legal determinations...." *In re Club Assoc.*, 951 F.2d 1223, 1228 (11th Cir.1992) (footnote and internal quote marks omitted). "Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard." *Id.* "In contrast, legal conclusions by the bankruptcy court and the district court are reviewed by this court *de novo.*" *Id.*

## III. DISCUSSION

The facts in this case are undisputed. Both parties agree that Green's listing of her lawsuit at a value of one dollar indicated that its value was contingent, not that it had an actual present value of one dollar. The parties also agree that Green exempted the lawsuit for its entire reported value of one dol-

lar, and that the Trustee did not object to that exemption claim. Thus, this case presents a pure question of law: What legal significance attaches to a debtor's exemption of the entire, but contingent, reported value of an asset?

The Trustee contends that, because Green exempted only one dollar of the value of her potential lawsuit, she is entitled to only one dollar of the settlement fund that resulted from that lawsuit. According to the Trustee, a rule that awarded Green the entire value of the lawsuit, regardless of the valuation she reported on her bankruptcy petition, would encourage debtors to undervalue their assets in order to escape applicable exemption caps. Instead, the Trustee suggests, a debtor should receive only the exact dollar amount that she claims as exempt, and if an asset later turns out to have a higher value than initially reported, the debtor should amend her exemption schedule to reflect that fact. Because Green did not amend her exemption schedule, the Trustee's proposed rule would hold Green to the one dollar value that she originally claimed as exempt.

■ Green responds that, although she exempted only one dollar of the lawsuit, that was its *entire* reported value. Because the Trustee failed to challenge her valuation or exemption in a timely manner, Green concludes that she is entitled to the entire value of the lawsuit, whatever it turned out to be. We agree.

Section 522 of the Bankruptcy Code establishes a debtor's right to exempt certain property. 11 U.S.C.A. § 522 (1993). Subsection 522(*l*) provides, in pertinent part:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C.A. § 522(*l*) (1993). Bankruptcy Rule 4003 further provides:

> (b) Objections to claim of exemptions
>
> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... or the filing

of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. Bankr. Rule 4003, 11 U.S.C.A. (1984 & Supp. 1994).

In *Taylor v. Freeland & Kronz,* —— U.S. ——, —— —— ——, 112 S.Ct. 1644, 1647–49 (1992), the Supreme Court interpreted these provisions strictly, holding that if no interested party objects to the exemption list within 30 days of filing, then the claimed exemptions are conclusively correct. *Taylor* involved facts remarkably similar to those of the present case. There, the debtor reported a lawsuit with an "unknown" value on her personnel property schedule, and likewise exempted that lawsuit for an "unknown" amount. *Taylor v. Freeland & Kronz,* 938 F.2d 420, 421 (3d Cir.1991). Ultimately, the lawsuit was settled for $110,000, far in excess of the debtor's available exemption. *Taylor,* —— U.S. at ——, 112 S.Ct. at 1647. The Supreme Court stated that, although the petitioner had been entitled to exempt no more than "a small portion of [the lawsuit's] proceeds," she "in fact claimed the full amount as exempt." *Id.* Thus, an unstated premise of the Court's holding was that a debtor who exempts the entire reported value of an asset is claiming the "full amount," whatever it turns out to be. The Supreme Court went on to hold that, because the trustee had not timely objected to the debtor's exemption of the lawsuit, the debtor was entitled to the entire settlement fund. *Id.* at —— —— ——, 112 S.Ct. at 1647–49.

In the present case, Green exempted the full reported value of her lawsuit, and neither the Trustee nor any other interested party objected. The only potential factual distinc-

tion between this case and *Taylor* is that here, instead of reporting her lawsuit as having an "unknown" value, Green reported it as having a value of one dollar. However, the Trustee conceded at oral argument that he knew Green used that nominal, one dollar value to signify an asset with a contingent value; the Trustee specifically denied having been misled into believing that Green's lawsuit had an actual present value of one dollar.[1] Thus, the facts of this case are materially the same as those in *Taylor.* In this case, one dollar exempted is to one dollar reported as, in *Taylor,* "unknown" exempted was to "unknown" reported.

Nevertheless, the Trustee contends that *Taylor* is not dispositive. He asks us to construe as an assumption, instead of as a holding, *Taylor*'s statement that a debtor who reported and exempted a lawsuit of "unknown" value had "in fact claimed the full amount as exempt." —— U.S. at ——, 112 S.Ct. at 1647. The Trustee further contends that the Supreme Court's "full amount" assumption is wrong. We do not believe that *Taylor* is distinguishable, and it is not our place to decide whether the Supreme Court is wrong.

Admittedly, at least one district court confronted with a similar situation has come to a different result. *See Addison v. Reavis,* 158 B.R. 53 (E.D.Va.1993), *aff'd sub nom. Ainslie v. Grablowsky,* 1994 WL 410995, 32 F.3d 562, 4th Cir. (No. 93–2289, Aug. 8, 1994) (per curiam) (unpublished summary affirmance). In *Addison,* the court refused to read a debtor's exemption of the entire reported one dollar value of a homestead as exempting the entire homestead. *Id.* at 56–58. The court distinguished *Taylor* on the dubious ground

---

1. At oral argument, the following occurred:

   THE COURT: Was there any contention here that the trustee or other people interested in the bankruptcy case were in fact misled or confused by the listing of the value at one dollar?

   THE TRUSTEE: Judge, I make no contention of that. I am the trustee in the case, I was the man on the ground at the time, and I can tell you that I read the listing of the asset and the claim of exemption and knew full well that the claim had not been liquidated, that it may—it would possibly be worth more than one dollar....

   THE COURT: You treated the listing of one dollar as the same thing as ... "unknown"? Did you see the listing of one dollar and "unknown" as the same thing?

   THE TRUSTEE: Well, I see a trap there for myself because the "unknown" value for the asset and the claim of exemption of "unknown" was in the *Taylor* case that the Supreme Court decided which is the case that has brought us here. The difference, I think—I saw the listing of the lawsuit in this case as being that "the claim has not been liquidated and we don't know what it's going to be worth."

that, "[t]he *Taylor* debtor clearly claimed as exempt the entire value of [the property at issue]," whereas the *Reavis* debtors "did not suggest in any way that they sought to exempt more of their interests ... than the nominal value listed on their [exemption schedule]." *Id.* at 59. The *Reavis* court noted:

> In an attempt to secure the full amount of the homestead exemption ..., Virginia debtors commonly have affixed nominal values to their exempt interests and exempted the entire nominal value of the interest with the intent to later amend the schedules to more accurately reflect the value of the property.

*Id.* at 56–57. The court further noted that, "[b]y claiming a nominal exemption, the debtor ... preserves the exemption amount until there is a determination of equity," and that bankruptcy trustees customarily do not object to such nominal claims, "notwithstanding [that] the equity in the asset might be significant." *Id.* at 57 (internal quote marks omitted). With this background, the court explained its holding:

> [C]ourts should not allow debtors to employ this practice in order to obtain a total ... exemption in excess of the maximum allowed under [applicable] law, as this would be but an invitation to the perpetration of the grossest frauds upon the rights of creditors.... [U]sing nominal valuation in an attempt to completely exempt an asset or group of assets worth well over the statutory maximum is inappropriate.

*Id.* (internal quote marks omitted). That rationale flies in the face of *Taylor.*

The *Taylor* Court considered and rejected a nearly identical contention. There, the bankruptcy trustee argued that a rule allowing a debtor to claim exemptions to which she knew she was not entitled, hoping the trustee would not object, would "create improper incentives" for debtors to misrepresent asset values. —— U.S. at ——, 112 S.Ct. at 1648. The Supreme Court disagreed, explaining that:

Debtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings. [*See, e.g.,* 11 U.S.C. § 727(a)(4)(B); Rule 1008; Rule 9011; 18 U.S.C. § 152.] These provisions may limit bad-faith claims of exemptions by debtors. To the extent that they do not, Congress may enact comparable provisions to address the difficulties that [the trustee] predicts will follow our decision.

—— U.S. at —— —— ——, 112 S.Ct. at 1648–49. The same is true here.

 The Trustee contends that the approach recognized here will force interested parties to make numerous, sometimes needless, objections in order to establish the value of contingent assets. If that is so, responsibility for that result rests with Congress and the Supreme Court. In *Taylor,* the Court made clear that the Bankruptcy Code places the burden on the trustee to object, in a timely manner, to any improper exemption claims. The trustee may not wait until the value of a contingent claim is established before deciding whether to object; instead, he must object within the period allowed by Bankruptcy Rule 4003. *Taylor v. Freeland & Kronz,* —— U.S. ——, ——, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992); *see also* 11 U.S.C.A. § 522(*l*) (1993); Bankr. Rule 4003, 11 U.S.C.A. (1984 & Supp.1994). While "[d]eadlines may lead to unwelcome results, ... they prompt parties to act and they produce finality." *Taylor,* —— U.S. at ——, 112 S.Ct. at 1648. Because Green exempted the full value of her lawsuit, and because the Trustee did not object to her claim, she is entitled to the entire settlement fund.[2]

## IV. CONCLUSION

The decision of the district court is AFFIRMED.

---

2. At oral argument, the Trustee conceded that post-filing appreciation of fully-exempted property belongs to the debtor. Therefore, we assume, without deciding, that any post-filing appreciation in the lawsuit's value belongs to Green. *Cf. In re Reed,* 940 F.2d 1317, 1323 (9th Cir.1991)

(suggesting in dicta that appreciation in the value of a fully exempted asset would inure to the debtor); *In re Rappaport,* 19 B.R. 971, 973 (Bankr.E.D.Pa.1982) (holding that appreciation in the value of an exempted asset inures to the debtor).