**In re Michael J. BELL, Debtor.**

**Bankruptcy No. 94–26614–JES.**

United States Bankruptcy Court, E.D. Wisconsin.

March 7, 1995.

Terrence J. Byrne, Wausau, WI, for debtor.

Neil R. McKloskey, Chapter 7 Trustee, Green Bay, WI.

David W. Asbach, Milwaukee, WI, for U.S. Trustee.

**DECISION**

JAMES E. SHAPIRO, Bankruptcy Judge.

Neil R. McKloskey, chapter 7 trustee ("trustee"), has timely objected to the exemptions claimed by the debtor, Michael J. Bell, in his "Schedule C—Property Claimed As Exempt" ("Schedule C"). A copy of the debtor's Schedule C is attached to this decision.

The question raised by the trustee's objection is whether the debtor has properly

claimed his exemptions by declaring "entirely exempt," rather than a numerical amount, in the third column of Schedule C.[1] The third column of Schedule C requires the debtor to set forth the "value of claimed exemption."

■ The debtor argues that he has fully complied with the requirements under the Bankruptcy Code and Rules. He maintains that he alerted the trustee to his estimate of the actual value of the property being claimed as exempt in the first and fourth columns of Schedule C. The first column of Schedule C requires the debtor to describe the property and Column 4 requires the debtor to list the current market value. Column 3 of Schedule C requires a debtor to declare the value of the claimed exemption. "Value," as used in the official exemption forms, generally means an approximate dollar amount. *In re Wenande,* 107 B.R. .770, 772 (Bankr.D.Wyo.1989). The generic term "entirely exempt" does not meet that requirement. Federal Rule of Bankruptcy Procedure 9009 requires that the Official Forms "shall be observed and used with alterations as may be appropriate." What the debtor is proposing is not an appropriate alteration.

The debtor is attempting to hedge his risk. He recognizes that his estimate of the values placed upon the property as exempt may be understated. He is concerned that, if an exempt asset is sold and the debtor understated its value, the trustee may assert an interest in the sale proceeds exceeding the debtor's estimated value. He is also worried about possible post-filing appreciation in value of assets claimed exempt.

The debtor's expressed fears of adverse consequences in the event of a sale are more illusory than real. In many instances, the property claimed as exempt will have a nominal resale value well within the maximum exemption limits. That is, in fact, the situation here, where the total value of the property claimed as exempt is $2,950, and the maximum allowed exemptions total $7,500. Even if the resale value of the exempt property would exceed the debtor's estimated value, as a practical matter, a trustee will rarely liquidate the assets because only an inconsequential benefit would inure to the estate after deduction of the costs of sale. Furthermore, where the debtor becomes aware that he underestimated the value of the exemption, if that value is below the maximum allowed exemption, and the case is still open, the exemption schedules can be amended. *See* F.R.Bankr.P. 1009(a). Although this does not necessarily assure a debtor that there will be no challenge to the amended exemptions, the prospect of a challenge is slight where the debtor's estimates of values were made in good faith and there is an absence of prejudice to the creditors.

■ An asset that has been scheduled and not challenged by the trustee is deemed abandoned by the trustee by operation of law upon the case being closed. 11 U.S.C. § 554(c); 4 *Collier on Bankruptcy* § 554.02(5) (15th Ed.1994). The debtor's concern over post-petition appreciation is unfounded. It makes no difference if an asset has increased in value. The value of a particular asset is measured as of the date of the bankruptcy petition, not thereafter. *In re Dvoroznak,* 38 B.R. 178, 182 (Bankr. E.D.N.Y.1984). *See also Norton Bankruptcy Law & Practice* (2d) § 46:33.

■ On the other hand, in light of the Supreme Court's decision in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the risk to a trustee is real should this court overrule the trustee's objection. *Taylor* holds that, if a trustee fails to object to an exemption within the allowed time limit, the claimed exemption, even if it exceeds the maximum amount allowed by statute, is deemed conclusive. Because a trustee has a duty to creditors to liquidate non-exempt assets, the dollar amount the debtor is claiming as exempt must be set forth so the trustee can determine whether or not to liquidate the assets. A failure by a trustee to liquidate non-ex-

1. The trustee also objected to the debtor's statement appearing at the end of "Schedule C," which the trustee has labelled as a "catch all" or "universal claim of exemptions." *See* attached Schedule C. The court disallowed this statement holding that non-specific claims of exemptions have no legal effect. *See In re Ogden,* 114 B.R. 730 (Bankr.D.Colo.1989).

empt assets could well subject the trustee to a personal claim by creditors.

Some cases have adopted a restrictive interpretation of *Taylor.* They hold that the trustee is still free to object to the *valuation* of the exemption after the deadline to object to exemptions themselves. *See Addison v. Reavis,* 158 B.R. 53 (E.D.Va.1993), aff'd *sub nom Ainslie v. Grablowsky,* 32 F.3d 562 (4th Cir.1994); *In re Hyman,* 123 B.R. 342, 348 (9th Cir. BAP 1991), aff'd 967 F.2d 1316 (9th Cir.1992); *In re Page,* 171 B.R. 349 (Bankr. W.D.Wis.1994); *In re Mercer,* 158 B.R. 886 (Bankr.D.R.I.1993). However, there is authority to the contrary. The most notable case is *In re Green,* 31 F.3d 1098 (11th Cir.1994). In *Green,* the court held that the trustee's failure to object to the exemption claim of a personal injury lawsuit within the time limit precluded the trustee not only from objecting to the exemption itself but also to the valuation of the exemption. As a result, the entire $15,000 settlement resulting from that lawsuit was awarded to the debtor. *Green* parts company with *Addison* and cases aligned with *Addison,* by declaring that their underlying rationale "flies in the face of *Taylor.*" It is precisely the result reached in *Green* which the trustee in the case at bar is seeking to avoid.

A debtor is in a far better position than the trustee to know the value of the property being claimed as exempt. To permit the debtor to exempt such property by use of the term "entirely exempt" would require a trustee in almost every case to obtain an appraisal. Most chapter 7 cases are no-asset cases, and a trustee lacks funds to obtain such an appraisal. The court in *In re Mercer,* 158 B.R. at 888 n. 2 observed:

> We note that if the Trustee were required to object to exemptions as the Debtor argues, this would create an unintended administrative nightmare for trustees and courts, since trustees would be required to object in virtually every case, even where the claimed exemption appears valid on its face.

The debtor pleads for "finality and certainty." That is also the goal of the trustee, who is saddled with greater exposure than is the debtor. Finality and certainty can be ob-

tained for both the debtor and the trustee where the debtor places a numerical amount in the third column of Schedule C. While the Code's exemption provisions are construed liberally to effect a debtor's fresh start, the Code never envisioned giving a debtor a head start. *In re Ross,* 128 B.R. 785, 789 (Bankr.C.D.Cal.1991).

Ample authority supports the trustee's contention that a numerical amount must be listed in Column 3 of Schedule C. *See In re Wenande,* 107 B.R. 770 (Bankr.D.Wyo.1989); *In re Ross, supra* (listing a value as "unknown" for an exemption in spousal and child support is ineffective); *In re Young,* 166 B.R. 854, 861 (Bankr.E.D.Tex.1994) (debtor must specifically identify the items falling within each class of exemption *and its corresponding value* ). The Seventh Circuit in *Payne v. Wood,* 775 F.2d 202, 206 (7th Cir.1985), stated:

> The requirement that the debtor list the property serves at least two functions. One is to settle claims of title, so that on the day of discharge everyone knows who owns what. The other is to allow the trustee to decide which claims to challenge. Debtors are not perfectly trustworthy, and unless the claim of exemption contains sufficient detail to put the trustee on notice of questionable assertions, it will not be possible to administer the statutory scheme.

This court, therefore, concludes that, in order to furnish a trustee with sufficient detail to enable that trustee to reach an intelligent determination, the debtor is required to list in the third column of Schedule C a numerical value for each claimed exemption. The listing of a numerical value is the only way to avoid confusion and uncertainty and can easily be accomplished by the debtor.

■ The trustee's objection is sustained. The debtor shall file and provide the trustee with a copy of his amended exemption Schedule C in accordance with this decision within 30 days. The trustee shall then have 30 days thereafter to object. In the event the debtor fails to file an amended Schedule C within the time fixed by order of this court, each of the exemptions presently labelled in the third

column of Schedule C as "entirely exempt" shall be disallowed.

## ATTACHMENT

n re: Bell, Michael J.
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

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[X] 11 U.S.C. § 522(b)(1) Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

[ ] 11 U.S.C. § 522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 12 gauge shotgun $75<br>20 gauge shotgun $50<br>Misc. fishing equipment $25<br>12 speed bicycle - $100.0 | 11 USC § 522(d)(5) | Entirely Exempt | 250.00 |
| 1960 14' Fiberglass boat $300<br>2 14' Aluminum boats @ $100 = $200 | 11 USC § 522(d)(5) | Entirely Exempt | 500.00 |
| 1976 F-250 Ford Truck $1,500<br>1984 Eagle wagon $500 | 11 USC § 522(d)(2)<br>11 USC § 522(d)(5) | Entirely Exempt | 2,000.00 |
| Associated Banks<br>Checking acct. #25-0981-2 $100<br>Savings acct. #24-0010-435 $100 | 11 USC § 522(d)(5) | Entirely Exempt | 200.00 |
| CD's & misc. tapes | 11 USC § 522(d)(3) | Entirely Exempt | 50.00 |
| Clothing | 11 USC § 522(d)(3) | Entirely Exempt | 25.00 |
| John Hancock Mutual Life Policy #64434823<br>Face value $40,000<br>Cash value $0.00 | 11 USC § 522(d)(7) | Entirely Exempt | 0.00 |
| Machinists tools & tool box - $300.00<br>Misc. small hand and power tools - $100.00 | 522(d)(6) | Entirely Exempt | 400.00 |

In re: Bell, Michael J.
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

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| TV $25<br>VCR $50<br>Entertainment center $400<br>Living Rm furniture $150<br>Bedroom furniture $100<br>Kitchen furniture $100<br>Brass bed $250<br>Round table $300<br>3 dressers $150<br>Air conditioner - $70.00<br>Dehumidifier - $25.00<br>Commadore Computer - $50.00<br>Misc. household goods $200 | 11 USC § 522(d)(3) | Entirely Exempt | 1,870.00 |

If equity in any of the above items is deemed to exceed the stated value, said excess is claimed exempt under any exemption remaining in its classification, or if none remains in the classification, then it is claimed exempt under any unused amount of Sec. 5 abov . Similarly, any assets owned by debtor which have been inadvertently omitted and/or not claimed exempt are claimed exempt under any unused amount remaining in Sec. 5.