**In the Matter of Jonathan KELLEY, Debtor.**

**No. 00–82855–JAC–7.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Nov. 20, 2000.

Tazewell Shepard, Huntsville, AL, trust-ee.

## AMENDED ORDER

JACK CADDELL, Bankruptcy Judge.

This case is before the Court on the trustee's objection to the debtor's claim of exemption to the proceeds of a judgment in debtor's favor. In Schedule C—Property Claimed as Exempt of debtor's petition, the following exemption is claimed:

| Description of Property | Specific Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| judgment against Eugene Fountain— Debtor is unaware of value | Ala. Code § 6–10–6 | 1.00 | 1.00 |

At the hearing on the trustee's objection, counsel for the debtor stated that the debtor had advised him that he had obtained a judgment against one Eugene Fountain arising out of an automobile accident but that he did not known how much, if anything, the judgment was worth. Counsel stated that he did not inquire further, but that in preparing debtor's Schedule C he simply asserted "Debtor is unaware of value." As a matter of fact at the time the petition was filed, the debtor's state court attorney was holding in his trust account for the debtor approximately $5,000. If debtor's counsel had asked one or two questions of the debtor about the judgment, this information could have been ascertained by a simple phone call. The total unsecured debt scheduled by the debtor was listed as only $4,989.11. The debtor's schedules had not been amended to show the true value of the asset up to and including the time of the hearing on the trustee's objection on the claim of the exemption.

Under the holdings in the United States Supreme Court case of *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) and the Eleventh Circuit case of *Allen v. Green (In re Green),* 31 F.3d 1098 (11th Cir.1994), (had the trustee not objected to debtor's claim of exemption within 30 days of the 341 meeting) the debtor probably would be entitled to exempt the full amount of the judgment even though, under Alabama law he was only entitled to $500.00 additional exemp-tion since he had already used up $2,500 of his $3,000 personal property exemption. ALA. CODE § 6–10–6 (1975).

■ The value of the judgment arising out of the automobile accident was easily ascertainable. Just because debtor stated to counsel that he was unaware of the value of an asset, this does not end the inquiry. A few simple questions like who?, what?, where?, when?, how? and why? would have easily lead to the true value of and the location of the money. Based on the legal authorities hereinafter set forth, it appears that the exemption is claimed in bad faith and is due to be disallowed in its entirety for the failure to disclose the true value of the asset at filing and/or for failure to amend the debtor's schedules to accurately reflect the value of the judgment after a reasonable opportunity for further investigation or discovery.

Rule 9011 provides as follows:

### (a) Signature

Every petition, pleading, written motion, and other paper, except a list, schedule or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being

called to the attention of the attorney or party.

### (b) Representations to the Court

By presenting to the court (**whether by signing, filing, submitting, or later advocating**) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, [emphasis added to show language by 1997 amendment to Rule]

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) all the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

■ The foregoing rule places an absolute duty on the debtor to certify "that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that his statements and schedules are complete and accurate.

■ There is some uncertainty in the law to whether that same duty applies to debtor's counsel because at paragraph (a) it states "[e]very petition, pleading, written motion, and other paper, **except a list, schedule or statement or amendments thereto**, shall be signed by at least one attorney of record ..." Since debtor's counsel does not sign the schedules or statement some cases hold that counsel for debtor is not liable under Rule 9011 for inaccuracies contained in these documents.[1] Prior to the 1997 amendment, Rule 9011 did not contain the language highlighted above "... whether by signing, filing, submitting, or later advocating." However, in 1997 Rule 9011(b) was amended to include that language. This Court holds that this amendment clearly subjects the attorney to the standards set forth in Rule 9011 even though the attorney did not sign the schedules or statements.[2] By signing the petition and presenting the entire bankruptcy package to the Court, the attorney subjects himself to the limits, scope, and bounds of Rule 9011.

■ The Court also notes that Congress proposes to expand Rule 9011 in the Bankruptcy Reform Act of 2000 to include a requirement that all documents, including schedules, be submitted only after the debtor or the debtor's attorney has made a reasonable inquiry to verify the information contained in such documents.[3] The implication of this proposed amendment is that Rule 9011 does not currently empower the Court to sanction debtor's counsel for filing inaccurate and misleading schedules.

■■ Even if Rule 9011 did not apply to the schedules and statements, Title 11, § 105(a) provides the court with the power to protect the integrity of the system and impose appropriate remedies for failure to

---

1. *Office of the U.S. Trustee v. Bresset (In re Engel)*, 246 B.R. 784, 788 (Bankr.M.D.Pa. 2000).

2. For a case holding otherwise see *Office of the U.S. Trustee v. Bresset (In re Engel)*, 246 B.R. 784 (Bankr.M.D.Pa.2000).

3. 106 CONG. REC. S319 (daily ed. Oct. 11, 2000).

make a reasonable inquiry under the circumstances and to further investigate matters when appropriate.[4]  Section § 105(a) states as follows:

**§ 105.  Powers of the court**

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of any issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, **or to prevent an abuse of process.**  [emphasis added]

The Court warns debtor's counsel that his conduct in failing to investigate and disclose appears to be sanctionable under Title 11, § 105(a), but the Court chooses not to pursue the matter further.

---

4.  *In re Collins,* 250 B.R. 645 (Bankr.N.D.Ill.    2000).