# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 00-6114 MN

_____

In re:   Charles Kerwin Soost, doing
         business as Cottage Enterprises,

         Debtor.

_____

Charles Kerwin Soost,                              *    Appeal from the United States
                                                   *    Bankruptcy Court for the
         Debtor-Appellant,                         *    District of Minnesota
                                                   *
             v.                                    *
                                                   *
NAH, Inc., doing business as                       *
Nordaas American Homes,                            *
                                                   *
         Creditor-Appellee.                        *

_____

Submitted: May 2, 2001
Filed: June 1, 2001

_____

Before WILLIAM A. HILL, SCHERMER, and FEDERMAN,[1] Bankruptcy Judges.

_____

WILLIAM A. HILL, Bankruptcy Judge.

---

[1]The Honorable Arthur B. Federman, Chief United States Bankruptcy Judge for the Western District of Missouri, sitting by designation.

Debtor Charles Kerwin Soost appeals from the bankruptcy court's[2] order pursuant to 11 U.S.C. § 522(f) avoiding the lien of judgment creditor NAH, Inc. only to the extent that it impaired the debtor's $1.00 exemption in a parcel of nonresidential real estate valued at $26,000.00 in the debtor's bankruptcy schedules. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm the bankruptcy court's lien avoidance order.

BACKGROUND

Prior to bankruptcy, the debtor was self-employed as a contractor in the construction business. In that capacity, he bought various construction supplies from NAH, Inc. ("NAH") on credit. However, the debtor experienced financial difficulties which rendered him unable to pay his outstanding balance with NAH. After repeated attempts to collect on the debt, NAH sought and obtained a state court judgment against the debtor in the amount of $12,248.74. Subsequently, NAH discovered that the debtor owned nonresidential real property in Waseca County, Minnesota. Accordingly, NAH docketed its judgment in Waseca County to establish a judgment lien against the debtor's nonresidential real estate. NAH then foreclosed its judgment lien.

A few days prior to the sheriff's sale of his nonresidential real estate, the debtor filed a chapter 7 bankruptcy petition. The debtor's schedules disclosed that the subject real estate had a current market value of $26,000.00, that there was a first priority mortgage in favor of the debtor's mother on the property in the amount of $46,879.54, and that the debtor claimed an exemption in the subject real estate in the amount of $1.00 under 11 U.S.C. § 522(d)(5). The section 341 meeting of creditors was conducted on July 12, 2000, and no objections to the debtor's claimed exemptions were filed within the thirty days allowed by Federal Rule of Bankruptcy Procedure 4003(b).

The debtor received a chapter 7 discharge on September 12, 2000. Shortly thereafter, he filed a motion to avoid NAH's judgment lien against his nonresidential real estate pursuant to 11 U.S.C. §522(f)(1)(A). NAH opposed the debtor's motion, and the bankruptcy court conducted a hearing as to lien avoidance on October 19, 2000. On November 1, 2000, the bankruptcy court issued an order avoiding NAH's judgment lien to the extent that it impaired the $1.00 exemption claimed by the debtor.

---

[2]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

The debtor appeals from the bankruptcy court's lien avoidance order, arguing that his $1.00 exemption caused the entire parcel of real estate to become exempt after no objections were filed within the time allowed under Fed. R. Bankr. P. 4003(b). According to the debtor, since the entire parcel is exempt, NAH's judicial lien should have been avoided in its entirety. NAH asserts that the bankruptcy court's lien avoidance order should be affirmed because the debtor's exemption is limited to the amount claimed as exempt in the debtor's schedules. In addition, NAH argues that the debtor failed to file a timely notice of appeal.

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr. P. 8013; Hatcher v. U. S. Trustee (In re Hatcher), 218 B.R. 441, 445 (B.A.P. 8th Cir. 1998) (citations omitted); Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997); O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997).

## DISCUSSION
### *1. Timeliness of the Debtor's Notice of Appeal*

An appellate court has no subject matter jurisdiction over an untimely appeal. United States v. Henry Brothers Partnership (In re Henry Brothers Partnership), 214 B.R. 192, 197 (B.A.P. 8th Cir. 1997) (citation omitted). Notice of appeal must be filed within ten days after entry of the judgment, order, or decree appealed from. Fed. R. Bankr. P. 8002. However, when the last day of the filing period falls on a Saturday, notice of appeal is timely when it is filed by the end of the following Monday. Fed. R. Bankr. P. 9006(a); United States v. Schimmel (In re Schimmel), 85 F.3d 416, 420 (9th Cir. 1996).

In this case, because the order appealed from was entered on November 1, 2000, the last day of the period for filing notice of appeal fell on Saturday, November 11, 2000. Accordingly, the debtor had until the end of Monday, November 13, 2000, to file a timely notice of appeal. Although NAH asserts that the debtor's notice of appeal was not filed until November 14, 2000, there is nothing in the record which supports this assertion. In fact, the Bankruptcy Appellate Panel's own docket sheet indicates that notice of appeal was filed on November 13, 2000. Because the only evidence before us indicates that the debtor's notice of appeal was timely, NAH's assertion to the contrary must fail.

## 2. The Effect of the Debtor's $1.00 Exemption

Pursuant to 11 U.S.C. § 522(d)(5), the debtor claimed a $1.00 exemption in a parcel of nonresidential real estate worth $26,000.00 according to the bankruptcy schedules. The debtor contends that the entire parcel is now exempt pursuant to 11 U.S.C. § 522(l) because no one objected to his $1.00 exemption within the time allowed under Fed. R. Bankr. P. 4003(b). Because the debtor's lien avoidance argument is based on the foregoing proposition, we must determine the effect of the debtor's $1.00 exemption in the subject real estate.

Upon the filing of a bankruptcy petition, all of the debtor's property becomes part of the bankruptcy estate. 11 U.S.C. § 541. "The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt." Taylor v. Freeland & Kronz, 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). Exempted property is no longer part of the bankruptcy estate. Abramowitz v. Palmer, 999 F.2d 1274, 1276-77 (8th Cir.1993). To claim an exemption, "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(l). "Unless a party in interest objects, the property claimed as exempt on such list is exempt." Id. To object to an exemption, a party in interest must "file an objection to the list of property claimed as exempt . . . within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b).

However, when a debtor takes an exemption in a particular asset pursuant to section 522(d)(5), the "property claimed as exempt" within the meaning of section 522(l) is merely an interest in property not to exceed a specified value. See 11 U.S.C. § 522(d)(5); Owen v. Owen, 500 U.S. 305, 310, 111 S.Ct. 1833, 1836, 114 L.Ed.2d 350 (1991) ("Most of the federally listed exemptions (set forth in § 522(d)) are explicitly restricted to the 'debtor's aggregate interest' or the 'debtor's interest' up to a maximum amount."). Accordingly, where the value of an asset exceeds the amount of the claimed exemption, the asset as a whole does not become exempt. See Wissman v. Pittsburgh Nat'l Bank, 942 F.2d 867, 871 (4th Cir. 1991) ("We do not agree . . . that by claiming [as exempt] a value less than the statutory maximum, or no value at all, as in this case, the entire property becomes exempt."). Instead, only a partial interest representing a certain amount of the asset's value is exempted. Specifically, the exempted interest has a value that is equal to the amount of the claimed exemption. Under these circumstances, the bankruptcy estate retains an interest in the subject asset because only a partial interest has been exempted by the debtor. See First of America Bank v. Gaylor (In re Gaylor), 123 B.R. 236, 239 (Bankr. E.D.Mich.

1991) (the debtor's property remains property of the bankruptcy estate to the extent its value exceeds the amount of the debtor's exemption) (citations omitted). Thus, claiming an exemption in an asset does not necessarily preclude administration of that asset by the trustee in bankruptcy.

For example, where an asset such as a homestead is involved, claiming an exemption of a specific dollar value does not render the homestead immune from sale by the trustee in bankruptcy even though the trustee has not objected to the claimed exemption. See Hyman v. Plotkin (In re Hyman), 967 F.2d 1316 (9th Cir. 1992). If the trustee can effect a sale of the homestead that would allow the bankruptcy estate to recover excess value for distribution to creditors, the trustee has an obligation to sell the homestead. Id. at 1320 (trustee has an obligation under 11 U.S.C. § 704(1) to act in the best interest of parties in interest in reducing estate property to cash); see also In re Salzer, 52 F.3d 708, 712 (7th Cir. 1995) ("The trustee has a statutory duty to collect and liquidate the property of the estate. He is accountable for all property received, and he owes a fiduciary duty to the creditors.") (internal citations omitted). Similarly, in the case at bar, the debtor's act of claiming a $1.00 exemption in the subject parcel of nonresidential real estate does not automatically render the parcel completely exempt and immune from sale.

As there are no Eighth Circuit cases directly on point, the debtor cites Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) and Allen v. Green (In re Green), 31 F.3d 1098 (11th Cir. 1994) in support of the proposition that his $1.00 exemption effectively exempted the subject parcel of real estate in its entirety. Both Taylor and Green dealt with exemptions claimed in the proceeds of lawsuits that had not yet been fully litigated at the time the respective bankruptcy petitions were filed.

In Taylor, the debtor disclosed the total value of the lawsuit proceeds as "unknown" and exempted an "unknown" amount of those proceeds. Taylor v. Freeland & Kronz, 938 F.2d 420, 421 (3rd Cir. 1991). The Supreme Court ruled that the debtor had "in fact claimed the full amount [of the lawsuit proceeds] as exempt," Taylor, 503 U.S. at 642, 112 S.Ct. at 1647, and that, therefore, all of the proceeds at issue had been exempted from the bankruptcy estate after the period for filing objections to exemptions had passed without any objections having been filed. Taylor, 503 U.S. at 643, 112 S.Ct. at 1648.

In Green, the debtor disclosed the total value of the lawsuit proceeds as "$1.00" and exempted "$1.00" of those proceeds. Green, 31 F.3d at 1098. The lawsuit was subsequently settled for $15,000.00, and the court had to decide whether the debtor or the bankruptcy estate was entitled to the proceeds. Id.

5

at 1099. Relying on what it referred to as an "unstated premise" of the <u>Taylor</u> decision,[3] the <u>Green</u> court held that an exemption of the "entire reported value" of an asset puts the trustee on notice that the debtor is claiming the entire asset as exempt. <u>Id.</u> at 1100. The court then ruled that the debtor was entitled to all of the proceeds because she had effectively exempted them from her bankruptcy estate after the period for filing objections to exemptions had passed without any objections having been filed. <u>Id.</u> at 1101.

The present case is distinguishable from both <u>Taylor</u> and <u>Green</u> because the debtor in the case at bar failed to exempt the entire parcel of real estate at issue. <u>See</u> <u>Addison v. Reavis</u>, 158 B.R. 53, 60 (E.D.Va. 1993) (holding that <u>Taylor</u> is not dispositive where the debtor has not claimed an entire asset as exempt but instead has exempted an interest worth a precise amount of value); <u>In re Shoemaker</u>, 155 B.R. 552, 555 (Bankr. N.D.Ala. 1992) (same). In this case, the debtor disclosed in his schedules that the subject real estate was worth approximately $26,000.00. Nevertheless, the debtor chose to exempt only $1.00 of that value. Under these circumstances, the debtor's schedules did not fairly disclose an intent to exempt the subject real estate in its entirety. <u>See</u> <u>Hyman v. Plotkin (In re Hyman)</u>, 967 F.2d 1316, 1319 (9th Cir. 1992) (the debtors' schedules did not sufficiently notify others that they were exempting the subject asset in its entirety and any ambiguity should be construed against them). Accordingly, <u>Taylor</u> and <u>Green</u> do not support the debtor's argument. We hold that the debtor's $1.00 exemption effectively exempted an interest in the subject real estate equal to $1.00 in value, nothing more.[4]

---

[3]As previously noted, the debtor in <u>Taylor</u> disclosed the total value of the lawsuit proceeds as "unknown" and exempted an "unknown" amount of those proceeds. The value of an asset and the value that is claimed as exempt are not necessarily the same, and nothing in the <u>Taylor</u> debtor's schedules compels the conclusion that the "unknown" exemption was necessarily intended to exempt the full (but unknown) value of the proceeds at issue. Because it is impossible to know whether the debtor in <u>Taylor</u> intended to exempt the "entire reported value" of the proceeds, the "unstated premise" articulated in <u>Green</u> cannot be inferred from <u>Taylor</u>. We accept, without speculating as to its basis, the ruling in <u>Taylor</u> that the debtor had in fact exempted all of the proceeds at issue.

[4]We note that the debtor's schedules disclosed a first priority mortgage against the subject parcel of real estate with an outstanding balance in excess of the parcel's total disclosed value. Ordinarily, property cannot be exempted from the bankruptcy estate to the extent it is encumbered by a consensual lien or security interest. <u>Gaylor</u>, 123 B.R. at 238-39 (citations omitted). Thus, a debtor's exemptible interest is defined by his or her equity in the property. <u>Id.</u> Based on the foregoing, there was no colorable basis for the debtor's $1.00 exemption because he had no equity in the subject parcel. However, our obligation to follow the holding of <u>Taylor</u> compels us to conclude that the debtor's $1.00 exemption has been established for lack of a timely objection. <u>See</u> <u>Taylor</u>, 503 U.S. at 643-44, 112

### *3. Lien Avoidance Under 11 U.S.C. § 522(f)(1)(A)*

A debtor may avoid a judicial lien against his property "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f)(1)(A). Section 522(f)(2)(A) of the Bankruptcy Code provides the following:

> (2) (A) . . . a lien shall be considered to impair an exemption to the extent that the sum of–
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were
> no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of
> any liens.

11 U.S.C. § 522(f)(2)(A). Moreover, where a judicial lien need not be avoided in its entirety to alleviate the impairment of an exemption, the judicial lien may be avoided only in part and only to the extent of the impairment. See East Cambridge Savings Bank v. Silveira (In re Silveira), 141 F.3d 34 (1st Cir. 1998). As the movant, the debtor bears the burden of proving by a preponderance of the evidence all the elements required to establish his entitlement to lien avoidance under section 522(f) of the Bankruptcy Code. See Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir. 1993) (burden is on the debtor to prove entitlement to lien avoidance); Grogan v. Garner, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (the preponderance of the evidence standard applies unless "particularly important individual interests or rights are at stake").

The courts are split as to whether an exemption that is established by default due to the lack of a timely objection may be substantively challenged by a judicial lien creditor defending its lien from avoidance under section 522(f) of the Bankruptcy Code. See In re Chinosorn, 243 B.R. 688, 697-98 (Bankr. N.D. Ill. 2000) (discussing the split of authority). In this case, however, NAH does not contest the debtor's entitlement to the $1.00 exemption that was claimed in the subject real estate. Accordingly, we need not take a position with regard to the foregoing split of authority. But see Meseraull v. Rick Miller Constr.,

---

S.Ct. at 1648 (the claimed exemption could not be contested in an untimely fashion regardless of "whether or not [the debtor] had a colorable statutory basis for claiming it"). Ultimately, such an exemption has little effect on the mortgagee in this case. Although the $1.00 interest exempted by the debtor is no longer part of the bankruptcy estate, it is still subject to the mortgage, which is not amenable to avoidance under 11 U.S.C. § 522(f).

Inc., 1996 WL 185736, *1 (8th Cir. 1996) (unpublished table opinion) (suggesting that although an exemption established by default may not be subsequently challenged, such an exemption does not necessarily provide a sufficient basis for lien avoidance, citing with approval In re Montgomery, 80 B.R. 385, 388 (Bankr. W.D.Tex. 1987) and In re Indvik, 118 B.R. 993, 1007 (Bankr. N.D.Iowa 1990)).

In this case, the debtor's schedules disclose a first priority mortgage on the subject parcel of real estate with an outstanding balance that exceeds the total value of the parcel. Under such circumstances, it is difficult to fathom how NAH's judicial lien could impair an exemption "to which the debtor would have been entitled" in the absence of said lien. 11 U.S.C. § 522(f)(1); Owen v. Owen, 500 U.S. 305, 310-12, 111 S.Ct. 1833, 1836-37, 114 L.Ed.2d 350 (1991). However, as NAH asks that we affirm the bankruptcy court's lien avoidance order and concedes that the judgment lien at issue should be avoided to the extent that it impairs the debtor's $1.00 exemption, we need not decide this issue.

In his brief, the debtor mischaracterizes NAH's defense of the lien avoidance action as an attempt by NAH to somehow determine, through the avoidance proceeding, the value of the real estate in which the debtor's $1.00 exemption was claimed. The debtor argues that a proceeding to determine the fair market value of an asset in which an exemption has been claimed may not be commenced outside the period for objecting to exemptions. Clearly, the debtor's argument is misplaced in that NAH has not yet sought a judicial determination that the value of the subject real estate is anything other than what the debtor disclosed it to be in his schedules ($26,000.00). Therefore, the issue raised by the debtor is not properly before us, and we make no determination of it.

As previously noted, the debtor's argument that NAH's judicial lien should be avoided in its entirety is based on the premise that the subject parcel of real estate was exempted in its entirety. Because we have ruled that the debtor exempted only a partial interest in the subject parcel equal to $1.00 in value, the foregoing argument advanced by the debtor must fail. Accordingly, we affirm the bankruptcy court's lien avoidance order.

## CONCLUSION

Based on the foregoing, we affirm the bankruptcy court's order of November 1, 2000, avoiding NAH's judgment lien to the extent that it impaired the $1.00 exemption claimed by the debtor in the subject parcel of nonresidential real estate.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.