## In re Robert Eugene FARTHING and Ronda Sue Farthing, Debtors.

### No. 2–05–05282 RJH.

United States Bankruptcy Court, D. Arizona.

Feb. 28, 2006.

D. Lamar Hawkins, Esq., Hebert Schenk P.C., Phoenix, AZ, for Debtors.

Steven J. Brown, Esq., Steven D. Nemecek, Esq., Phoenix, AZ, for trustee.

Maureen Gaughan, Chandler, AZ, Chapter 7 Trustee.

OPINION RE TRUSTEE'S AUTHORITY TO SELL HOMESTEAD WITH EQUITY VALUE IN EXCESS OF STATUTORY LIMIT

RANDOLPH J. HAINES, Bankruptcy Judge.

The issue here is whether a trustee must object, within the time specified by Bankruptcy Rule 4003,[1] to the value a debtor provides in schedules for property claimed as exempt, when there is a statu-

---

1. Unless otherwise noted, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330. All rule references are to the Federal Rules of Bankruptcy Procedure.

tory limit to the exempt amount. The Court concludes that Rule's deadline for objecting to the property claimed as exempt does not apply to the valuation claimed for that property.

### Factual Background

■ Debtors Robert and Ronda Sue Farthing filed this Chapter 7 case in April of 2005. They claimed their "single family residence" as exempt pursuant to Arizona Revised Statutes ("A.R.S.") § 33–1101,[2] which permits a homestead exemption up to $150,000 in equity value. On that same Schedule C they listed the current market value of that property as $257,000 and asserted the "value of claimed exemption" as $150,000, with a footnote stating: "Debtors claim a maximum amount allowed regardless of the value listed in their Schedules." Neither the Trustee nor any other party in interest objected to the "list of property claimed as exempt" within 30 days after the meeting of creditors as required by Bankruptcy Rule 4003(b).

In February, 2006, the Trustee moved for authority to sell the Debtors' residence for $400,000. After payment of the approximate $130,000 in liens and the Debtors' statutory maximum homestead amount of $150,000, this sale price would have generated approximately $120,000 for the estate. At the hearing on the Trustee's motion, another buyer showed up and bid $405,500. The Court granted the Trustee's motion to sell to that buyer, subject to resolution of the Debtors' objections.

The Debtors objected to the Trustee's motion for authority to sell. The Debtors argued that with the $257,000 value they listed for their residence on Schedules A, C and D, together with the approximate

$130,000 in liens and the exemption of $150,000, there was no equity in the residence for the benefit of the estate. They add that the $257,000 number was not a mere guess but was supported by an appraisal, and that they had informed the Trustee at or prior to the first meeting of creditors that they were relying on that appraisal for that value. Finally, they argue that because no one objected to their claimed exemption within the time required by Bankruptcy Rule 4003, there was no equity interest in the residence for the estate, so it was thereafter no longer property of the estate. Thus any appreciation in value that may have occurred after the exemption objection deadline belongs solely to the Debtors.

The Trustee responds that Rule 4003 only imposes a deadline for objection to the "property claimed as exempt," not to the value attributed to such property. The Trustee adds that because the Debtors only claimed as exempt the $150,000 portion of that value that Arizona statutes allow, the Trustee then had no basis to object to the "property claimed as exempt." And the Trustee argues that Ninth Circuit authority establishes that any appreciation in the value of property belongs to the estate, not to the Debtors.

### Legal Analysis

■ The threshold issue is whether the Trustee must object within the Rule 4003 deadline to the value a debtor attributes to property claimed as exempt, when the debtor only claims as exempt the statutory amount and the value ascribed by the debtor would mean that there is no equity in the property left for the estate.

The plain language of Rule 4003(b) does not require an objection to the value of a

---

**2.** As allowed by § 522(b)(2), the state of Arizona has "opted out" of the federal exemption scheme and debtors filing a bankruptcy petition in the District of Arizona may only claim exemptions as allowed by Arizona state law.

claimed exemption, but only to the listing of the "property claimed as exempt." This does not really answer the question, however, when a statute permits property to be claimed as exempt but only up to a certain dollar amount, as does A.R.S. § 33–1101. On the other hand, when there is a dollar limit to property that may be claimed as exempt, the Rule could be read to require an objection to be filed by that deadline if the debtor claims a value in excess of that amount. It should be noted here, however, that these Debtors only claimed as exempt the $150,000 amount permitted by Arizona statute.

Debtors principally rely on the Supreme Court's decision in *Taylor* [3] and the Eleventh Circuit's subsequent decision in *Green.* [4] Neither of those decisions resolves the issue, however. Based on slightly different facts, both courts essentially concluded that the debtors had claimed as exempt the entire value of a listed asset, [5] and both courts therefore held that the Rule 4003 deadline applied to

the Trustee's duty to object to the full, unknown value of that asset as exempt. Those holdings might therefore have required the Trustee to object in this case if the Debtors had put no amount in the column entitled "Value of Claimed Exemption," or had somehow otherwise indicated that they claimed the residence as exempt to whatever value it might have. Those holdings do not resolve the issue, however, where the debtors only claimed as exempt the amount properly allowed by law, as are the actual facts here.

Debtors acknowledge that the Ninth Circuit cases of *Hyman* [6] and *Reed* [7] are closely on point and both cases indicate that post-petition appreciation enures to the estate rather than to the debtor. [8] Debtors attempt to distinguish these cases, however, on the ground that the debtors' schedules in those cases revealed equity value for the estate at the time the homestead was claimed.

Even if this factual distinction exists, [9] however, it is a distinction without a differ-

---

**3.** *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

**4.** *Allen v. Green (In re Green),* 31 F.3d 1098 (11th Cir.1994).

**5.** *Taylor,* 503 U.S. at 642, 112 S.Ct. at 1647 (debtor "in fact claimed the full amount as exempt"); *Green,* 31 F.3d at 1100 (debtor "exempted the full reported value of her lawsuit," which is "materially the same" as in *Taylor*).

**6.** *Hyman v. Plotkin (In re Hyman),* 967 F.2d at 1316 (9th Cir.1992).

**7.** *Schwaber v. Reed (In re Reed),* 940 F.2d at 1317 (9th Cir.1991).

**8.** *Hyman,* 967 F.2d at 1321; *Reed,* 940 F.2d at 1323 ("We interpret this language [of § 541(a)(6)] to mean that appreciation enures to the bankruptcy estate, not the debtor.") In fact, neither case actually so held. Instead, the analysis in *Reed* indicates that the amount of the homestead proceeds to which the debt-

or is entitled must be determined as of the sale date, regardless of appreciation or depreciation since the petition date. This means, for example, that if the debtor's equity in the home were less than the amount of the homestead cap on the petition date and the value of the home appreciated thereafter, the debtor would be entitled to that appreciation as of the sale date up to the amount of the homestead cap. Thus outside of a particular set of facts, it is impossible to state a general rule whether it is the estate or the debtor that will benefit from or be harmed by either appreciation or depreciation.

**9.** In fact, however, both debtors made arguments that their schedules reflected no value for the estate when the homestead was claimed. Reed argued that the liens exceeded the value he listed for his one half interest, an argument that the Ninth Circuit rejected only by noting that a trustee can, under some circumstances, sell both joint tenants' interests and satisfy the lien from that whole sale price. 940 F.2d at 1322–23. Hyman argued

ence. First, there is nothing in either opinion that suggests the analysis or conclusion hinged at all on the fact that there was equity value for the estate on the date of the petition, or on the fact that the Debtors' schedules had so indicated. Second, the alleged distinctions do not deflect the Ninth Circuit's conclusion that a claimed homestead exemption up to the dollar amount provided by state statute is not a claim to exempt the entire property, but only a claim to exempt that portion of the proceeds.[10] Third, and most important, the alleged distinctions do not render inapplicable the Ninth Circuit's holding that the "debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property."[11]

The Ninth Circuit's analysis in *Hyman* effectively equates the filing of the bankruptcy petition and the claiming of the homestead to the recording of a judgment creditor's lien against the homestead property, not to the foreclosure of that lien and sale of the property. Both a trustee's sale and a judgment creditor's lien foreclosure may not occur until sometime later, and it is only at that time the debtor's interest in the homestead proceeds is determined.[12]

Finally, precisely this same argument attempting to distinguish *Hyman* and *Reed* based on the amount of equity existing on the date of the petition has been rejected by the Ninth Circuit Bankruptcy Appellate Panel.[13]

On this analysis, the Court concludes that the Debtors' home did not pass out of the estate when no one objected to the Debtors' claimed homestead exemption coupled with a scheduled value and lien amounts that reflected no equity for the estate. Rather, all that occurred upon the passage of that deadline without objection was that no one thereafter could object to the Debtors' receipt of homestead proceeds up to the statutory maximum that was claimed. The house itself, as distinguished from the Debtors' inchoate interest in a portion of its possible proceeds, remained property of the estate. Because the Trustee is now in a position to sell the home for an amount substantially in excess of all liens against it and the maximum homestead claim of Debtors, it is appropriate for the Trustee to do so and the Debtors' objection to the sale is therefore denied.

### Debtors' Other Objections

■ Debtors have also objected that the Trustee should not sell the house because doing so will subject the estate to a large capital gains tax. The Trustee responds that no capital gains tax will be incurred because the Trustee is entitled to utilize the exclusion for sale of a debtor's principal residence pursuant to the current Internal Revenue Service ("IRS") regula-

---

that the values listed on his schedules revealed no equity value for the estate after deducting 8% sale costs. 967 F.2d at 1319–20.

10. *Hyman,* 967 F.2d at 1319.

11. *Id.* at 1321.

12. The *Hyman* opinion relied to some extent on the forced sale procedures and prohibitions embedded in the California statutory homestead, California Code of Civil Proce-

dures § 704.800. To the extent that those state law procedures and protections may have dictated the result, Arizona's homestead statute provides essentially the same procedures and protections. *See* A.R.S. § 33–1105. The court's analogy does not necessarily mean, however, that such state law procedures and protections will dictate how a homestead exemption is claimed, used and protected pursuant to Bankruptcy Code § 522.

13. *In re Viet Vu,* 245 B.R. 644, 648–49 (9th Cir. BAP 2000).

tion.[14] Debtors do not dispute that is what the IRS regulation provides, but argue that it could change.

The Trustee regards as small or negligible the chance that the IRS might deviate from its existing regulation and seek to impose capital gains taxes on trustees who sell debtors' residences. And in any event, the Trustee believes the sale is in the best interest of the estate even if a tax were incurred. Both of these judgments are within the sound business judgment of a trustee, and Debtors' objection makes no suggestion that the Trustee is not properly exercising her business judgment in this regard. Consequently the Debtors' objection on this ground is overruled.

Finally, Debtors also object that they may be entitled to an administrative expense for their post petition principal and interest payments on the liens against the residence and for their work and payments to maintain the residence. Debtors estimate these amounts total approximately $12,000.

For the reasons stated in *Viet Vu*,[15] these arguments are premature because Debtors have not yet filed an administrative expense claim. Therefore stated as objections to the Trustee's motion for authority to sell, these objections are denied. This denial is without prejudice to any subsequent claim for administrative expenses the Debtors might file. The Court notes, however, that the Ninth Circuit has suggested that debtors have no such remedy, but rather that the proper remedy is for the debtor to seek abandonment.[16]

For the foregoing reasons, the Debtors' objections to the Trustee's motion for authority to sell are denied. The Trustee's motion for authority to sell is granted, and the Trustee is hereby authorized to sell the residence to the buyers and for the amounts and on the terms indicated on the record on February 27, 2006.

This is a final order. Because the closing is not set to occur until April 1, however, the Court does not waive the automatic ten day stay of Bankruptcy Rule 6004(g).

SO ORDERED.

14. Treas. Reg. § 1.1398–3 (2002).

15. 245 B.R. at 649.

16. *Hyman,* 967 F.2d at 1321 n. 11.